[No. 51006–7. En Banc. February 28, 1985.]

YOSHIO AKADA, ET AL, *Petitioners*, v. PARK 12–01 CORPORATION, ET AL, *Respondents*.

Peter J. Eglick, for petitioners.

Brian E. Lawler (of Short & Cressman), for respondent
Park 12–01 Corp.

Douglas N. Jewett, City Attorney, and Elizabeth A.
Edmonds, Assistant, for respondent City of Seattle.

UTTER, J.—Petitioners Akada, Wong, Chin and Eng,
property owners near a proposed condominium project,
filed a writ of certiorari seeking review of a Seattle City
Council decision affirming issuance of a use permit. Peti-
tioners alleged that the City's actions failed to comply with
procedures of the State Environmental Policy Act of 1971
(SEPA), RCW 43.21C, the SEPA guidelines, and city ordi-
nances implementing the guidelines. The trial court, apply-
ing JCR 73, denied the writ as not timely. The Court of
Appeals affirmed. Akada v. Park 12–01 Corp., 37 Wn. App.
221, 678 P.2d 1314 (1984). We reverse, applying the rule
that where the statute authorizing the appeal designates no
specific appeal period, the longer of analogous appeal peri-
ods should apply.

■ ■ Certiorari is the appropriate method to review the
city council action. See Leschi Imp. Coun. v. State Hwy.
Comm'n, 84 Wn.2d 271, 279, 288, 525 P.2d 774 (1974). A
writ of certiorari shall be granted when an inferior tribunal
or board exercising judicial functions has exceeded its
jurisdiction or to correct an erroneous proceeding, where
there is no appeal. RCW 7.16.040. However, the statute
providing for writs of certiorari establishes no time limit
within which the writ must be filed. State ex rel. L.L.
Buchanan & Co. v. State Pub. Serv. Comm'n, 39 Wn.2d
706, 709, 237 P.2d 1024 (1951). Consequently, we have long
held that a writ of certiorari should be "applied for within a
reasonable time after the act complained of has been done."

*State ex rel. Home Tel. & Tel. Co. v. Kuykendall,* 134 Wash. 620, 622, 236 P. 99 (1925). To help clarify what constitutes a reasonable time, for cases arising from the courts or other judicial proceedings, we have determined that certiorari must be brought within the time allowable for an appeal as prescribed by statute or rule of court. *Pierce v. King Cy.,* 62 Wn.2d 324, 333, 382 P.2d 628 (1963). No statute or other legislation establishes the time allowable for an appeal from the Seattle City Council. The court must therefore determine by analogy what constitutes the appropriate time for filing of the writ. Here, two different appeal periods may apply.

In this case, the trial court inquired whether the appeal provisions in SEPA or JCR 73 were more analogous. On June 22, 1981, the city council affirmed the issuance of the use permit and adopted the findings of fact and conclusions of law of the hearing examiner. On July 6, 1981, the 14–day appeal period found in JCR 73 expired. On July 13, 1981, petitioners served and filed in superior court for a writ of certiorari. On July 22, 1981, the 30–day SEPA statute of limitations term expired. The SEPA appeal provision in effect at the time, RCW 43.21C.080(2)(a), provided in part:

> *Any* action to set aside, enjoin, review or otherwise challenge any such governmental action for which notice is given as provided in subsection (1) of this section on grounds of noncompliance with the provisions of this chapter shall be commenced within thirty days from the date of last newspaper publication of the notice . . . or be barred . . .

(Italics ours.) JCR 73 applied to those appeals from a court of limited jurisdiction not subject to review under the rules for appeal of decisions of courts of limited jurisdiction.

The general rule is that when more than one appeal period is applicable, the longer appeal period should be applied. *See Shew v. Coon Bay Loafers, Inc.,* 76 Wn.2d 40, 51, 455 P.2d 359 (1969). According to this rule, the trial court should have applied by analogy the 30–day SEPA appeal period. In addition, application by analogy of

SEPA's longer appeal period is more consistent with previous case law. We have previously recognized that RCW 43.21C.080 allows SEPA challenges to be brought within 30 days. *Cathcart–Maltby–Clearview Comm'ty Coun. v. Snohomish Cy.*, 96 Wn.2d 201, 634 P.2d 853 (1981).

The SEPA notice and appeal provision essentially codifies and elaborates upon long–standing law regarding challenges to rezone decisions. In *Pierce v. King Cy.*, *supra* at 334, we stated "the time for the commencement of certiorari begins with acquisition of knowledge or with the occurrence of events from which notice ought to be inferred as a matter of law." Likewise, SEPA establishes an appeal period running from the date of constructive notice. Fairness requires that the 30–day appeal period also applies for those with actual notice.

We therefore find that the writ was filed in a timely fashion. We reverse and remand for trial on the merits.

DOLLIVER, C.J., BRACHTENBACH, DORE, PEARSON, ANDERSEN, CALLOW, and DURHAM, JJ., and CUNNINGHAM, J. Pro Tem., concur.

Reconsideration denied April 24, 1985.