[No. 14612-2-I.   Division One.   August 18, 1986.]

THE CITY OF BOTHELL, ET AL, *Appellants,* v. KING COUNTY, ET AL, *Respondents.*

*Larry C. Martin, Ogden, Ogden & Murphy, Keith Dearborn,* and *Alison Moss,* for appellants.

*Norm Maleng, Prosecuting Attorney,* and *Stephen O. Kenyon, Deputy,* for respondents.

COLEMAN, J.—City of Bothell, Chateau Ste. Michelle, and Friends of Northshore appeal an order of partial dismissal and a summary judgment which dismissed their petition for writ of certiorari. We reverse.

This litigation focuses on King County Ordinance 5534, passed by the King County Council on June 22, 1981. This ordinance adopted the Northshore Community Plan Revision,[1] adopted an area zoning ordinance,[2] and reclassified[3]

---

[1] King County Code (KCC) 20.08.060 provides:

"'Community plan' means a section of the comprehensive plan which contains specific policies, guidelines and criteria adopted by the council to guide development and capital improvement decisions within specific subareas of the county for a period of six to ten years. The subareas of the county shall consist of natural homogeneous communities, distinctive geographic areas, or other types of districts having unified interests within the county. (Ord. 3669 § 2, 1978: Ord. 263 Art. 1 (part), 1969)."

[2] KCC 20.08.030 provides:

"'Area zoning' as used in this title is synonymous with the terms of 'rezoning or original zoning' as used in the King County charter and means: Procedures initiated by King County which result in the adoption or amendment of zoning maps on an area–wide basis. This type of zoning is characterized by being comprehensive in nature, deals with natural homogeneous communities, distinctive geographic areas and other types of districts having unified interests within the county. Area zoning, unlike a reclassification, usually involves many separate

certain properties in the Northshore area.[4]

Appellants filed a petition for writ of certiorari and notice of appeal on July 23, 1981, 31 days after the ordinance was adopted. The petition alleged constitutional and statutory violations, including claims that King County had exceeded its authority, violated the appearance of fairness doctrine, and failed to comply with the mandates of SEPA. Thirty–eight defendants were served on July 23; the remaining four defendants were served on July 24.

On July 27, 1981, King County published the first notice of action taken pursuant to the State Environmental Policy Act of 1971 (SEPA). On August 3, 1981, King County published the second notice of action taken pursuant to SEPA, thus triggering the commencement of a 90–day limitation for bringing an action pursuant to SEPA. RCW 43.21C-.080(2)(a).

On November 10, 1981, the trial court entered an order of partial dismissal, holding that under King County Code (KCC) 20.24.210 (now KCC 20.24.240) the writ of certiorari had to be filed within 20 days from the date of the Council's adoption of the ordinance. Because the writ was filed 31 days after the adoption of the ordinance, the trial court dismissed with prejudice all portions of the writ of certiorari except the allegations under SEPA.

---

properties under various ownerships and utilizes several of the zoning classifications available to express the county's current comprehensive plan and community plan policies in zoning map form. (Ord. 3669 § 1, 1978: Ord. 263 Art. 1 § 3, 1969)."

[3]KCC 20.08.160 provides:
"'Reclassification' means a change in the zoning classification by procedures initiated by an individual or a group of individuals who, during the intervals between area zoning map adoptions, wishes to petition for a change in the zoning classification which currently applies to their individual properties. (Ord. 263 Art. 1 § 15, 1969)."

[4]The Northshore area covers approximately 35 square miles. It lies to the north of Kirkland and Redmond and is roughly bounded by Lake Washington to the west, Snohomish County to the north, and 180th Avenue Northeast to the east.

On March 14, 1984, the trial court entered an order of summary judgment, dismissing with prejudice the remainder of appellants' claims. The court held that these claims, which related solely to SEPA, had to be dismissed because "[t]here does not appear to be a basis for pursuing a SEPA cause of action where there exists no challenge to the underlying governmental action."

On appeal, the City of Bothell, Chateau Ste. Michelle, and Friends of Northshore argue that their action was not included within the subjects covered by KCC 20.24.240, and therefore they were not required to file their writ within 20 days from the adoption of the ordinance. We agree. Although compliance with KCC 20.24.240 is a jurisdictional requirement when the code provision encompasses the challenged action, *North St. Ass'n v. Olympia,* 96 Wn.2d 359, 364, 635 P.2d 721 (1981); *Teed v. King Cy.,* 36 Wn. App. 635, 641, 677 P.2d 179 (1984), we conclude that KCC 20.24.240 does not apply to the actions taken by the King County Council in this case.

We first look to the language of the ordinance. The trial court relied on the following provision of the King County Code in determining that the writ was not timely filed:

20.24.240 Review of final decisions. A. Decisions of the council in cases identified in Section 20.24.070[5] shall be

---

[5]At the time of this action, KCC 20.24.070 provided:

"Recommendations to the Council.

"(a) The Examiner shall receive and examine available information, conduct public hearings and prepare records and reports thereof and issue recommendations to the Council based upon findings and conclusions in the following cases:

"(1) Applications for reclassifications of property;

"(2) Applications for unclassified use permits;

"(3) Applications for planned unit developments;

"(4) Applications for preliminary plats;

"(5) Applications for shoreline environment redesignations;

"(6) Applications for boundary adjustments of local sewer service areas in accordance with the County Sewerage General Plan, Ordinance 4035, Chapter 6, required for development proposals (including but not limited to short subdivisions and building permits) which seek or need sewer service but are located outside of existing designated local sewer service areas;

"(7) Applications for agricultural land variances;

"(8) Applications for review of designations of agricultural lands of county

final and conclusive action unless within twenty calendar days, or within thirty calendar days for decisions approving or denying plats, from the date of the council's adoption of an ordinance an aggrieved person applies for a writ of certiorari from the Superior Court in and for the county of King, state of Washington, for the purpose of review of the action taken; provided, no development or related action may occur during said twenty–day, or thirty–day for plat approvals, appeal period.

(Previously codified as KCC 20.24.210.) Neither area zoning nor community plan revisions are mentioned as actions to which the 20–day limitation applies. The omission of these actions in the limitation provision is particularly significant considering that the King County Code specifically defines "area zoning" and "community plan".

Furthermore, after reading KCC 20.24.240 and KCC 20.24.070 together, it is clear that the 20–day limitation applies only to situations where the zoning and subdivision examiner acts on an "application" or an "appeal". In the present case, the challenged actions did not pass through the zoning and subdivision examiner and furthermore could not be characterized as an "application" or an "appeal".

---

significance of King County agricultural districts;

"(9) Applications to revise the boundaries of agricultural lands of county significance;

"(10) Applications for current use assessment on open space or timber lands except as provided in KCC 20.36.040;

"(11) Appeals from denials by the county assessor of applications for current use assessments on farm and agricultural lands;

"(12) Appeals of permit denials or conditions imposed on environmental grounds pursuant to KCC 20.44.010;

"(13) Appeals from threshold determinations concerning actions subject to Council approval;

"(14) Other applications or appeals which the Council may prescribe by ordinance.

"(b) The Examiner's recommendation may be to grant or deny the application or appeal, or the Examiner may recommend that the Council adopt the application or appeal with such conditions, modifications and restrictions as the Examiner finds necessary to make the application reasonably compatible with the environment and carry out applicable state laws and regulations and the regulations, policies, objectives and goals of the comprehensive plan, the community plans, the sewerage general plan, the zoning code, the subdivision code and the official laws, policies and objectives of King County."

Simply stated, the language of the limitation provision does not provide a limitation period for the type of challenge the appellants are bringing.

In addition, the structure of the King County Code supports the appellants' argument that the 20–day limitation applies only to matters assigned to the examiner. The chapter which contains the limitation provisions is captioned "Zoning and Subdivision Examiner". While the section captions do not constitute part of the law, KCC 20.04.010, it is clear from examining the various provisions of the chapter that they all focus on the actions and duties of the zoning and subdivision examiner. The 20–day limitation period, therefore, should be read in this context. It is not a general provision governing appeals from any Council action.

The County argues, however, that since KCC 20.24.240 does not specifically mention the zoning and subdivision examiner, the 20–day limitation is therefore not limited to situations in which the examiner has acted. We disagree. Although KCC 20.24.240(A) does not mention the examiner, it refers to decisions in "cases identified in Section 20.24.070". Thus, the limitation provision makes specific reference to another provision which deals solely with matters in which the zoning and subdivision examiner functions. Since a statute of specific reference incorporates the provisions referred to as though they were written into the reference statute, 2A C. Sands, *Statutory Construction* § 51.08, at 516–17 (4th ed. 1984), we reject the County's argument.[6]

The County finally contends that this court determined

---

[6]The County also contends that if we examine the limitation provision which was replaced by KCC 20.24.240, it is clear that the Council intended that KCC 20.24.240 apply to the present action. The County argues that the change in the language of these provisions is a clear indication that the legislative body intended to broaden the application of the 20–day limitation period to include cases where the zoning and subdivision examiner does not function. We find, however, that the change in the language of the limitation provision is related to changes in the procedural functioning of the examiner; it is not related to any intent to broaden or narrow the scope of the limitation provision.

in *Teed v. King Cy., supra,* that area zoning and community plan revisions are subject to the 20–day limitation. We find that *Teed,* however, is distinguishable. In *Teed,* property owners filed for a rezone of their property, and the zoning and subdivision examiner entered findings and conclusions recommending to the King County Council that the Teeds' property be reclassified. The Council entered a motion approving the reclassification, subject to certain conditions that had to be fulfilled by the property owner. Other property owners then made a request that the Council reconsider its tentative approval of the reclassification. The Council decided to consider the request for reconsideration in the context of the Vashon Island Community Plan and Area Zoning which was then pending before the Council. When the Council enacted the Vashon Island zoning, this affected the Teeds since the zoning did not permit the uses they had requested in the rezone proceeding. The Teeds filed a writ of mandamus to compel King County to approve the rezone they had requested. This writ was filed 25 days after the Council passed the Vashon Island zoning.

This court held that since the Teeds contended that the adoption of the Vashon Island zoning was a final action on their application for reclassification, they were therefore bound by the time limit specified for a reclassification. *Teed,* at 640. Since an application for a reclassification clearly falls within the 20–day limitation, KCC 20.24.070-(a)(1), their action was untimely. Although the ordinance in the present case apparently affected some pending reclassifications of property, the appellants are challenging the area zoning and community plan revisions.[7] Thus, *Teed* was decided on the basis that the action was a reclassification; the case does not address the applicable time limitation for a challenge to area zoning or community plan revisions.

■ Since we have determined that the 20–day limitation specified in the King County Code is not applicable to this

---

[7]See footnote 2 distinguishing between area zoning and reclassification.

case, we must determine what time limit applies to the appellants' action. Where no express statute of limitation has been established by legislative act or court rule, the test is whether the action is brought within a reasonable time. *Akada v. Park 12–01 Corp.*, 103 Wn.2d 717, 718, 695 P.2d 994 (1985); *Cathcart–Maltby–Clearview Comm'ty Coun. v. Snohomish Cy.*, 96 Wn.2d 201, 206, 634 P.2d 853 (1981). Where the case arises "in the courts, or in other judicial proceedings, where the direct notice of the pendency thereof to the parties involved is jurisdictional", *Pierce v. King Cy.*, 62 Wn.2d 324, 333, 382 P.2d 628 (1963), or where the decision of a nonjudicial body is judicial in nature, *Vance v. Seattle*, 18 Wn. App. 418, 424, 569 P.2d 1194 (1977), certiorari must be brought within the time allowable for an appeal as prescribed by statute or court rule. *Pierce*, at 333. *See also Vance*, at 424. If more than one appeal period is analogous, then the longer appeal period should be applied. *Akada*, at 719.

This case involves government action, part of which is legislative (the community plan revision) and part of which, considering the manner in which the proceedings were conducted, could be characterized as judicial in nature (the area zoning). Therefore, in order to provide a definite measure of what constitutes a reasonable time in which to take an appeal in cases such as this, it is appropriate to look to analogous appeal periods. There are two: the 14–day period for appeals from courts of limited jurisdiction (JCR 73) and the SEPA 90–day period for appeals from public actions. Under the reasoning of *Akada*, the longer 90–day period sets the limit on filing an action. Since this action was filed well within 90 days, it was timely.[8]

---

[8]We have stated that the area zoning decision under the facts of this case could be characterized as a quasi–judicial decision. However, that characterization is not essential to our holding. If we consider the area rezoning as a legislative act, it is still apparent that the petition for a writ of certiorari was timely filed. Although analogous statutes of limitation may not be determinative in assessing timeliness in seeking review of legislative actions, we may draw upon them for guidance in determining whether the appellants have slept on their rights so as to

We hold that appellants timely filed their challenge to the underlying governmental action, and therefore, we reverse the judgment dismissing the action for untimeliness. Furthermore, since the trial judge dismissed the SEPA claims solely because there was no timely challenge to the underlying governmental action, the summary judgment dismissing these claims must also be reversed.

WILLIAMS, J., and REVELLE, J. Pro Tem., concur.

make the present action unfair. *Holmberg v. Armbrecht,* 327 U.S. 392, 90 L. Ed. 743, 66 S. Ct. 582, 162 A.L.R. 719 (1946). It was certainly not unreasonable under the facts of this case to file the action 31 days after the ordinance was adopted.