[No. 23411–1–I. Division One. May 29, 1990.]

WATERFORD PLACE CONDOMINIUM ASSOCIATION, ET AL,
*Appellants,* v. THE CITY OF SEATTLE,
ET AL, *Respondents.*

*Richard B. Sanders,* for appellants.

*Mark H. Sidran, City Attorney,* and *Pamela James, Assistant,* for respondent Seattle.

*Keith W. Dearborn, Sharon I. Raymond,* and *Henry C. Jameson,* for respondents McDermott, et al.

WINSOR, J.—Waterford Place Condominium Association and three of its individual members (Waterford) appeal the Superior Court's denial of an application for a writ of review. Waterford challenged a decision by the City of Seattle (City) granting a master use permit (MUP) to project applicants Tom McDermott and Hannah Reisner (Applicants). We affirm.

Applicants applied to the City for a MUP to demolish three single family residences and construct two large apartment buildings in the Fremont neighborhood of Seattle. The proposed project would be near the Waterford condominium building. The City required Applicants to

complete an environmental impact statement on the project.

After the environmental review process was completed, the City's Director of the Department of Construction and Land Use (Director) approved the application with certain modifications and mitigating conditions. Waterford appealed the Director's decision to a city hearing examiner. The hearing examiner affirmed the Director's decision.

Waterford appealed the hearing examiner's decision to the City Council. The City Council again affirmed the decision of the Director. It issued official notice of its decision on October 6, 1988.[1]

Waterford filed an application for writ of review in superior court on October 18, 1988, challenging the City's decision to grant the MUP. The application raised issues under the State Environmental Policy Act of 1971 (SEPA) as well as non–SEPA issues.[2] The application named the City as the sole defendant, and only the City was served. On October 31, 1988, Waterford filed amended pleadings adding Applicants as defendants. The Applicants were served individually, one October 30 and the other November 1. Thus, it is not disputed that Waterford added Applicants as defendants more than 15 but less than 30 days after the City Council issued notice of its decision.

---

[1]Waterford refers to this notice as an "Official Notice of Agency Action". The document referred to is a letter from the City Comptroller to the Director which informs the Director and the parties of record of the decision of the City Council.

The term "Official Notice of Agency Action" is a term of art under the State Environmental Policy Act of 1971 (SEPA), and the statute has very specific criteria governing the content of such a notice. *See* RCW 43.21C.080(3). A governmental agency has the option of issuing such a notice; once it decides it will, it must comply with the provisions of RCW 43.21C.080. The letter referred to by Waterford as an "Official Notice of Agency Action" does not comport with the criteria found in the statute. *See* RCW 43.21C.080(3). Thus, *it does not appear that the City issued an* "Official Notice of Agency Action".

[2]Waterford has represented, both at oral argument and in its supplemental briefing, that the application raises only SEPA issues. This representation is unsupported by the record. The application for the writ contains allegations raising non–SEPA issues.

The City moved to quash the application due to Waterford's failure to name indispensable parties (the Applicants) within the 15–day time period specified by city ordinance for filing a judicial writ of review. *See* Seattle Municipal Code (SMC) 23.76.024(J). The trial court granted the City's motion by denying the application for failure to comply with SEPA and its administrative regulations, and failure to name indispensable parties.

Waterford appeals, the sole issue being whether its application for judicial review was timely.

### FAILURE TO NAME INDISPENSABLE PARTIES

The trial court dismissed the application as untimely pursuant to SMC 23.76.024(J), which governs judicial review of City Council decisions on applications for MUP's.[3] The ordinance states:

> A Type III decision by the Council shall be final and conclusive unless within fifteen (15) calendar days of the date of decision a party of record makes application to King County Superior Court for a writ of review.

SMC 23.76.024(J). The application was untimely, according to the trial court, because Waterford failed to name the Applicants as defendants within the 15–day time period.

The owner of property is an indispensable party in a writ proceeding challenging a land use decision. *Cathcart–Maltby–Clearview Comm'ty Coun. v. Snohomish Cy.*, 96 Wn.2d 201, 207, 634 P.2d 853 (1981); *Andrus v. County of Snohomish*, 8 Wn. App. 502, 507–09, 507 P.2d 898 (1973). To initiate review, all indispensable parties must be named within the time period provided. Later joinder of such parties and relation back under CR 15(c) will be permitted only when the omission is due to excusable neglect.

---

[3]The language of the trial judge's order refers to the writ of certiorari statutes, RCW 7.16.040 and .050. Those statutes prescribe no time limit within which a writ must be filed. In Washington a writ of certiorari should be applied for within a reasonable time. *See Akada v. Park 12–01 Corp.*, 103 Wn.2d 717, 718–19, 695 P.2d 994 (1985). To help clarify what constitutes a "reasonable time", a court looks to the time allowable for appeal by statute or rule of court. *Akada*, at 719. Here the trial judge focused on SMC 23.76.024(J) and RCW 43.21C.075.

*Tellinghuisen v. King Cy. Coun.,* 103 Wn.2d 221, 223, 691 P.2d 575 (1984); *North St. Ass'n v. Olympia,* 96 Wn.2d 359, 367–69, 635 P.2d 721 (1981).

Waterford has not attempted to show excusable neglect, nor does it dispute that it failed to add Applicants as indispensable parties prior to the expiration of the 15–day deadline. Instead, Waterford's argument is that the 15–day appeal period does not apply because the appeal raises SEPA issues; thus, the 30–day time appeal period specified in SEPA controls.

APPLICABLE TIME PERIOD FOR JUDICIAL REVIEW

The SEPA provision governing judicial review in this case is RCW 43.21C.075,[4] which states in pertinent part:

(1) Because a major purpose of this chapter is to combine environmental considerations with public decisions, any appeal brought under this chapter shall be linked to a specific governmental action. The State Environmental Policy Act provides a basis for challenging whether governmental action is in compliance with the substantive and procedural provisions of this chapter. The State Environmental Policy Act is not intended to create a cause of action unrelated to a specific governmental action.

(2) Unless otherwise provided by this section:

(a) *Appeals under this chapter shall be of the governmental action together with its accompanying environmental determinations.*

(b) *Appeals of environmental determinations made (or lacking) under this chapter shall be commenced within the time required to appeal the governmental action which is subject to environmental review.*

. . . . .

(5) RCW 43.21C.080 establishes an optional "notice of action" procedure which, if used, imposes a time period for appealing decisions under this chapter. Some statutes and ordinances contain time periods for challenging governmental actions which are subject to review under this chapter, such as various local land use approvals (the "underlying governmental action"). *This section does not modify any such time periods.* This section governs when a judicial appeal must be brought

---

[4]Waterford mistakenly relies on RCW 43.21C.080, which governs time limitations for challenging actions by a governmental agency in which it issues an "Official Notice of Agency Action". See footnote 1. We are convinced that this appeal falls under RCW 43.21C.075.

under this chapter where a "notice of action" is used, and/or where there is another time period which is required by statute or ordinance for challenging the underlying governmental action. . . .

(a) *If there is a time period for appealing the underlying governmental action, appeals under this chapter shall be commenced within thirty days. . . .*

(Italics ours.)

Waterford argues that SEPA effectively extends the 15–day appeal period to 30 days, for two reasons: (1) since, arguably, two appeal periods apply, the court must apply the longer of the two; and (2) the language of the statute requires that a 30–day appeal period apply.

Waterford cites two cases in support of its first argument. Neither is supportive. *Akada v. Park 12–01 Corp.,* 103 Wn.2d 717, 695 P.2d 994 (1985) is factually very similar to this case. The owners of property near a proposed condominium project challenged the issuance of a MUP by the City. Just as in this case, the appellants' application for a writ of review was denied in superior court as untimely. Finding that no appeal periods applied, the Supreme Court reversed the Superior Court denial of the writ. Although the facts of *Akada* are identical to those presented here, it is distinguishable on two grounds: first, at the time *Akada* was decided, SMC 23.76.024(J) had not been enacted, and there was no ordinance defining an appeal period for a MUP decision; and, second, RCW 43.21C.075, enacted in 1983, did not apply to the action before the *Akada* court. Thus, in *Akada* the Supreme Court applied the longer of two *analogous* appeal periods.

*Bothell v. King Cy.,* 45 Wn. App. 4, 723 P.2d 547 (1986), is similarly distinguishable. As in *Akada,* no express time limit for appeal applied by statute or ordinance. The court relied on *Akada* and looked to analogous time periods for appeal. The reasoning in both these cases is that when more than one appeal period is analogous, but neither is directly applicable, the longer of the two should be applied. Here, there are not two analogous time limits; instead,

there are two that are directly applicable by statute and ordinance.

Waterford's second argument is that since the statute provides that SEPA appeals must be commenced within 30 days, the statute, in effect extends shorter appeal deadlines to 30 days. Waterford's argument is supported by a recognized authority on SEPA, Professor Richard Settle. Professor Settle maintains that there is an independent right of action for SEPA claims under the statute. R. Settle, *The Washington State Environmental Policy Act* § 20, at 243–44 (1987). While he concedes that there is a linkage requirement between SEPA claims and underlying governmental actions, he argues that the purposes of the linkage requirement are not inconsistent with the existence of an independent right of judicial review of SEPA compliance:

> The statutory insistence on linkage between SEPA claims and the government action subject to SEPA does not negate the independent existence of a SEPA cause of action. Close reading of the statute and its legislative history reveal several purposes of the linkage requirement: to preclude judicial review of SEPA compliance before an agency has taken final action on a proposal; to foreclose multiple lawsuits challenging a single agency action; and to deny the existence of "orphan" SEPA claims unrelated to any governmental action. . . . [N]one of these purposes [is] inconsistent with the existence of an independent right of judicial review of SEPA compliance.

(Footnote omitted.) R. Settle § 20, at 243–44. He then states:

> The limitation period is 30 days for SEPA lawsuits regardless of the length of the limitation period for challenging the underlying action. Since such time periods are seldom longer than 30 days and often are much shorter, *SEPA effectively amends them into 30–day periods as they apply to SEPA claims.*
>
> . . . *Since SEPA requires the consolidation of SEPA and any non–SEPA challenges, a subsequently filed SEPA claim would be in the form of an amendment or supplement to an earlier non–SEPA lawsuit.*
>
> If government action . . . is challenged solely on the basis of SEPA noncompliance, as the statute clearly authorizes, there is nothing in the statute which suggests that any lawsuit must be filed earlier than 30 days after official notice.

(Footnotes omitted. Italics ours.) R. Settle § 20(d)(i), at 252. Thus, although Professor Settle acknowledges that SEPA requires the consolidation of SEPA and non–SEPA challenges, he maintains that a suit based solely on SEPA claims would not need to be filed within the applicable time limit, but only within 30 days. That conclusion suggests that even if the non–SEPA portion of the lawsuit is improperly filed, as in this case, the SEPA portion of the lawsuit should survive.

██ This interpretation of the statute is not supported by the express language of the statute or its administrative rules. *See* RCW 43.21C.075; WAC 197–11–680. Reading RCW 43.21C.075, sections (2)(a) together with (2)(b) and (5)(a), we interpret the statute to mandate that, while all appeals of underlying governmental actions must be filed within the local time limits prescribed (here, 15 days), the appellant has up to 30 days to *amend* or *supplement* its claim to include SEPA issues. We find three bases of support for this determination: first, this interpretation best effects the express language of the statute; second, it comports with administrative interpretation of the statute, to which we accord deference; and third, it is supported by legislative history.

██ The intent of the Legislature is given effect by considering every word, clause and sentence of a statute and not disregarding any portion unless it is the result of an obvious error. *Cox v. Helenius,* 103 Wn.2d 383, 387–88, 693 P.2d 683 (1985). The statute plainly indicates it does not modify local appeal periods, and it plainly indicates that appeals under SEPA are to be commenced in 30 days. *See* RCW 43.21C.075(2)(b), (5), (5)(a). It also provides that appeals involving SEPA issues "shall be of the governmental action together with its accompanying environmental determinations." RCW 43.21C.075(2)(a). The best way to give effect to all of these provisions is to require that the action be filed within the local time limit, but allow the appellant up to 30 days to amend to add SEPA claims. Indeed, subsection (2)(b) explicitly addresses the issue:

"Appeals of environmental determinations made (or lacking) under this chapter shall be commenced within the time required to appeal the governmental action which is subject to environmental review." RCW 43.21C.075(2)(b). We think that this means exactly what it seems to say: that the appeal of a SEPA determination must be filed within the local time limit.

The contradictory language in section (5)(a) of the statute, however, makes it ambiguous. Thus, we also rely on administrative interpretation and the legislative history of the statute.

 The Legislature charged the Department of Ecology (DOE) with adopting and amending rules pertaining to SEPA. RCW 43.21C.110. When the Legislature specifically delegates to an administrative agency the power to make rules, we start with the presumption that such rules are valid. *See Weyerhaeuser Co. v. Department of Ecology,* 86 Wn.2d 310, 314–15, 545 P.2d 5 (1976) (court gives weight to interpretation of ambiguous statute by agency charged with its administration). WAC 197–11–680(4)(b)–(d) interprets RCW 43.21C.075 to allow only *amendment* of a lawsuit after the local time limit has expired:

> (b) When SEPA applies to a decision, any judicial appeal of that decision potentially involves both those issues pertaining to SEPA (SEPA issues) and those which do not (non–SEPA issues). *RCW 43.21C.075 establishes time limits for raising SEPA issues, but says that existing statutes of limitations control the appeal of non–SEPA issues. The statute contemplates a single lawsuit, but allows for the SEPA and non–SEPA portions of that lawsuit to be filed at different times.*
>
> (c) If there is a time limit established by statute or ordinance for appealing the underlying governmental action, then appeals (or portions thereof) raising SEPA issues must be filed within thirty days after the agency gives official notice . . ..
>
> (d) *In any instance where subsection (c) of this subsection allows the SEPA portion of an appeal to be filed after the time limit established by statute or ordinance for appealing the underlying governmental action, some judicial action must be filed within the time set by statute or ordinance. That action may be later amended to raise SEPA issues within thirty days after the agency gives official notice . . ..*

(Italics ours.) In accordance with established rules of statutory interpretation, we afford DOE's reading of the statute considerable weight.[5] *Weyerhaeuser Co.,* 86 Wn.2d at 317.

■■ Finally, where the language of the statute is ambiguous, we may also look to legislative history to ascertain the Legislature's intent. *Bellevue Fire Fighters Local 1604 v. Bellevue,* 100 Wn.2d 748, 751, 675 P.2d 592 (1984), *cert. denied,* 471 U.S. 1015 (1985). The interpretation of the statute we adopt is supported by the Final Report of the Commission on Environmental Policy on the State Environmental Policy Act of 1971, *Ten Years' Experience With SEPA* (June 1983) (hereinafter Final Report).[6] The report states:

---

[5]Professor Settle also addresses the language of WAC 197–11–680(4)(d): "The [WAC] requirement that 'some judicial action must be filed within the prescribed time limit for the underlying action when the SEPA portion of an appeal' may be filed later, seems inconsistent with the statute and invalid unless it is very narrowly construed. Since the statute clearly recognizes an independent right to judicial review of SEPA compliance, a SEPA challenge of government action need not be accompanied by a non–SEPA challenge. The statute clearly provides at least a 30–day period for the commencement of SEPA challenges. The [WAC] provision, if interpreted to require initiation of a lawsuit within a shorter–than–30–day period as a prerequisite to judicial review of SEPA claims, would contradict the statute. To be valid, the puzzling [WAC] provision must mean that *non*–SEPA claims are lost if 'some judicial action' is not filed within the underlying action's limitation period." (Footnotes omitted.) R. Settle § 20(d)(i), at 252–53.

We recognize Professor Settle's concern that it seems inconsistent with the statute to require a litigant bringing only SEPA claims to file a "judicial action" within the local period time limit. Clearly, the statute provides that a litigant should have up to 30 days to bring SEPA claims. Under our interpretation, a SEPA litigant has up to 30 days to amend or supplement his or her claim, but must file the action within the local time limit.

While this interpretation does impose some hardship on the litigant bringing solely SEPA issues, it serves the valuable purpose of allowing the local time limits to remain effective. Under our interpretation, once the local appeal period has passed, the governmental agency and the proponent of the project can be assured that there will be no challenges to the project. Were we to find that an appellant has 30 days to file a SEPA lawsuit, we would effectively modify the local time limit to the 30–day SEPA time limit because the project applicant would always have to wait 30 days to see whether SEPA claims were going to be raised. That result would directly contravene the language of RCW 43.21C.075.

[6]The Legislature established the Environmental Policy Commission in 1981 and charged it with reviewing the operation of SEPA. R. Settle § 2, at 6. The

For purposes of judicial review, SEPA determinations and substantive agency action must always be reviewed together (sec. 4(6)(c)). *A lawsuit on the underlying governmental action must still be filed within the time period set by the applicable state or local statute of limitation.* The SEPA portion of a lawsuit, however, is *not* required to be filed within the time period for challenging the underlying governmental action.

Instead, SSB 3006 provides a 30–day period for filing the SEPA portion of a lawsuit *in those situations* where a statute or ordinance set a time limit for appealing the underlying governmental action (sec. 4(5)). The phrase "statute or ordinance" is used because it is intended that the time for filing the SEPA portion of a lawsuit not be shortened as a result of administrative or court rule. Although the time period for appealing the underlying governmental action may be less than 30 days, this provision is included to provide a 30–day period for filing a SEPA lawsuit, in order to allow time to review environmental documents and prepare a lawsuit.[7]

(Italics ours.) Final Report, *supra* at 75. Because the Commission's version of the 1983 SEPA amendments was adopted virtually without change, the Commission's explanation of its own proposals is the most obvious indication of legislative intent, other than the words of the statute itself. Final Report, *supra* at 19.

Having resolved the question of statutory interpretation, we now return to the facts of this case. Waterford failed to name indispensable parties within the appeal time period provided in SMC 23.76.024(J). Therefore, its appeal of the City's decision to grant the MUP was properly dismissed. Under our interpretation of the statute, RCW 43.21C.075 allows a party to amend a lawsuit to add SEPA claims within 30 days of the governmental action. However, the

Commission was authorized to propose amendments and administrative rules implementing the act. R. Settle § 2, at 6; *see* RCW 43.21C.110.

RCW 43.21C.075 is one of the 1983 amendments proposed by the Commission. The Commission's draft bill was enacted into law with only minor modifications. The citation above is to the Commission's final report, submitted in June 1983, 2 months after the 1983 SEPA amendments were signed into law. R. Settle § 4, at 21. The report, in part, was designed to provide interim guidance on implementation of the 1983 amendments.

[7]Section references are to the Substitute Senate Bill which, upon enactment, became RCW 43.21C.060–.075.

50

appellant must properly file the lawsuit within the local time limit in order to bring SEPA claims. Thus, because Waterford failed to properly file a judicial action within the 15–day limit specified by SMC 23.76.024(J), the SEPA claims were properly dismissed.

The judgment of the Superior Court is affirmed.

PEKELIS and BAKER, JJ., concur.

Review denied at 115 Wn.2d 1019 (1990).