[No. 30217-5-I.   Division One.   March 29, 1993.]

CONCERNED ORGANIZED WOMEN AND PEOPLE OPPOSED TO OFFENSIVE PROPOSALS, INC., *Appellant,* v. THE CITY OF ARLINGTON, ET AL, *Respondents.*

*Julian C. Dewell* and *Law Office of Anderson Hunter,* for appellant.

*Madeleine Brenner* and *Buck & Gordon; Steven J. Peiffle* and *Bailey Duskin & Peiffle; Bruce R. Bell* and *Bell & Ingram,* for respondents.

FORREST, J. — Concerned Organized Women and People Opposed to Offensive Proposals, Inc. (Concerned Women) appeals the trial court's order denying its application for a statutory writ of certiorari and a constitutional writ of certiorari, dismissing its action with prejudice, and awarding Northward Homes, Inc. (Northward) $125 in statutory attorney fees. Concerned Women also appeals the court's denial of its motion for reconsideration claiming the court erred in finding no basis for equitable estoppel against the City of Arlington (the City).

On October 2, 1990, Northward applied for a comprehensive plan amendment, rezoning, and preliminary plat approval from the City for Northward's proposed single-family residential development within the City's limits.[1] On February 4, 1991, Northward submitted an application for a shoreline substantial development permit. On August 21, 1991, Northward submitted revised applications that addressed the City's concerns regarding the original applications. The city staff recommended approval of the revised applications on October 16, 1991, and on October 21, 1991, the city council held a public hearing on them. During this hearing, the council heard testimony from various sources, including members of Concerned Women, and voted to approve the applications.

The proposed resolution and ordinance were scheduled for review by the City Council at its November 18, 1991, meeting. However, one council member recused himself and therefore a quorum was not present. Review of the resolution and ordinance was rescheduled for December 2, 1991. At least one member of Concerned Women was present at the November 18 council meeting.

At its December 2, 1991, meeting, the city council reviewed and signed resolution 421 and ordinance 1015. The resolution approved the comprehensive plan amendment, the rezoning, the preliminary plat, and the shoreline substantial development permit. The ordinance rezoned the subject property from RC 2.5 to R 9600, thereby permitting the proposed development. Again, at least one member of Concerned Women was present at this meeting.

Ordinance 1015 was published in The Arlington Times on December 18, 1991. Section 2 of the ordinance provided that it would become effective 5 days from its adoption and publication.

Pursuant to RCW 43.21C.080 and WAC 197-11-680(4) and (5), the City prepared a notice of action under the State

---

[1] The development was to be located on property owned by Douglas and Louise Connelly. The Connellys have not filed a brief and instead have filed a statement supporting the briefs filed by the City and Northward. Robert Kraski was the Mayor of Arlington at the time the suit was filed and also has not filed a brief.

Environmental Policy Act of 1971 (SEPA) dated December 13, 1991. The notice set forth the time periods within which certain appeals had to be filed. Specifically, the notice read in part as follows:

> Time limits established by statute or ordinance relating to the underlying action:

| | |
|---|---|
| RCW 58.17.180 — | 30 days from decision for review of approval of preliminary plat |
| RCW 90.58.180 — | 30 days from decision for review of approval of Shoreline Substantial Development Permit |
| WAC 197-11-680(4) — | 30 days from issuance of this notice for review of SEPA issues |

On December 16, 1991, copies of the SEPA notice were mailed to property owners within 300 feet of the subject property and to the applicant and all interested persons who had requested notice of proceedings related to the proposed development. Among those interested parties were two representatives of Concerned Women. The notice was posted on December 23, 1991, at city hall, at the post office, and on the property. The notice was also published in The Arlington Times on December 18 and 25, 1991.

On January 10, 1992, Concerned Women filed a petition and application for writ of certiorari, a notice of application for a writ of certiorari, and an order to show cause. On January 14, 1992, it filed an affidavit in support of the petition and application. Concerned Women sought both a statutory writ of certiorari pursuant to RCW 7.16.030 *et seq.* and a constitutional writ pursuant to Const. art. 4, § 6.[2]

Northward and the City filed motions to dismiss Concerned Women's petition. On February 4, 1992, the court orally decided that Concerned Women's petition for a statutory writ of certiorari was not timely and that Concerned Women was not entitled to a constitutional writ. On February 7, 1992, the court entered an order denying Concerned

---

[2] The issuance of the shoreline substantial development permit is not at issue here. The Shorelines Hearings Board decided that Concerned Women's appeal was untimely and Concerned Women did not appeal that decision.

Women's applications and dismissed its action with prejudice.

Concerned Women filed a motion for reconsideration on February 18, 1992. In addition to the arguments raised in previous pleadings, Concerned Women contended that the City was estopped to assert that Concerned Women did not timely file its applications. The motion was denied. Concerned Women appeals both the dismissal of its action and the denial of its motion for reconsideration.

STATEMENT OF THE ISSUES

1. Did the trial court err by denying Concerned Women's petition for a statutory writ of certiorari on the ground that the petition was untimely?

2. Did the trial court err by finding no basis upon which equitable estoppel could be asserted against the City?

3. Did the trial court err by denying Concerned Women's petition for a constitutional writ of certiorari?

4. Is Northward entitled to attorney fees on appeal under RAP 18.9 on the ground that the appeal is frivolous?

I
Timeliness of Appeal

The trial court ruled that the time for application for a writ of certiorari to review the actions here in question was 30 days by analogy to the time for appeal from the approval of the preliminary plat, RCW 58.17.180, and that the time commenced with the council action on December 2, 1981, and, accordingly, the application was untimely and should be dismissed. We agree.

■■ We initially consider the 1983 amendment adding RCW 43.21C.075, addressing the relationship between SEPA appeals and appeals from underlying governmental action. The amendment unequivocally ties a SEPA appeal to the underlying governmental action.[3] It provides that SEPA considerations shall be applied to the underlying governmental

---

[3]"The State Environmental Policy Act is not intended to create a cause of action unrelated to a specific governmental action." RCW 43.21C.075(1).

action[4] and that appeals shall be commenced within the time limits of the governmental action involved.[5] The amendment specifically provided it did not modify time periods provided by statutes or ordinances.[6]

In *Waterford Place Condominium Ass'n v. Seattle*, 58 Wn. App. 39, 791 P.2d 908, *review denied*, 115 Wn.2d 1019 (1990), this court carefully reviewed the history and application of RCW 43.21C.075, and held that while the appeal must be initiated within the time limit for the underlying governmental action, thereafter, an appellant had 30 days to add any claims of SEPA violations.[7] As applied to the facts before us, this means that an appeal from the approval of the preliminary plat not having been commenced within the 30 days prescribed by the statute, RCW 58.17.180, the right to raise SEPA issues to invalidate the plat also would be barred.

The issues before us arise from the fact that there is no prescribed time limit for appealing from the change in the comprehensive plan and the adoption of the rezone, and the further fact that, surprisingly, RCW 43.21C.075 does not explicitly address the situation where there is no such local time limit.

It is well established that in the absence of such specific time limit, the court supplies a limit by analogy to other

---

[4]"Appeals under this chapter shall be of the governmental action together with its accompanying environmental determinations." RCW 43.21C.075(2)(a).

[5]"Appeals of environmental determinations made (or lacking) under this chapter shall be commenced within the time required to appeal the governmental action which is subject to environmental review." RCW 43.21C.075(2)(b).

[6]"Some statutes and ordinances contain time periods for challenging governmental actions which are subject to review under this chapter, such as various local land use approvals (the 'underlying governmental action'). This section does not modify any such time periods." RCW 43.21C.075(5).

[7]"Reading RCW 43.21C.075, sections (2)(a) together with (2)(b) and (5)(a), we interpret the statute to mandate that, while all appeals of underlying governmental actions must be filed within the local time limits prescribed (here, 15 days), the appellant has up to 30 days to *amend* or *supplement* its claim to include SEPA issues." *Waterford Place Condominium Ass'n v. Seattle*, 58 Wn. App. 39, 46, 791 P.2d 908, *review denied*, 115 Wn.2d 1019 (1990).

216

similar proceedings.[8] Here, the compelling analogy is the 30-day limit prescribed for appeals from decisions approving preliminary plats set forth in RCW 58.17.180. In this case, the City was dealing with one single project and all four of the actions taken on December 2, 1991, were part of a package to approve that project. Having one time limit applicable to a preliminary plat approval and another time limit applicable to another part of the same governmental decision would be highly undesirable, yet this court has no authority to alter the 30-day time limit prescribed in RCW 58.17.180. Further, in more general terms, the nature of a rezone for a project and an amendment to the comprehensive plan to authorize the project are substantively very similar to the approval of a preliminary plat and no reason appears for a procedural difference in the appeal time.[9] RCW 64.40.020 and .030, which provide for a civil action for damages for certain improper land use decisions, establish a 30-day statute of limitations from the date all administrative remedies have been exhausted. Also, in another land use matter, a challenge to the threshold determination that an environmental impact statement is required must be made within 30 days of that determination.[10] These are likewise persuasive analogies.

In *Bothell v. King Cy.*,[11] the County adopted the land use ordinance and published a SEPA notice which established a

---

[8]*Akada v. Park 12-01 Corp.*, 103 Wn.2d 717, 695 P.2d 994 (1985); *Bothell v. King Cy.*, 45 Wn. App. 4, 723 P.2d 547 (1986).

[9]Since a rezone is a quasi-judicial action, some cases have considered a 14-day limit for appeals from district court decisions to be a possible analogy. In view of the striking difference between the factual setting of a land use decision and a district court lawsuit, we find the analogy unpersuasive. In any event, the rule is if there are two possible analogies, the longer in time shall be adopted. *Akada v. Park 12-01 Corp.*, 103 Wn.2d at 719. Indeed, insofar as court proceedings are an analogy, we would find the 30-day limit for appeals of superior court decisions to be more appropriate.

[10]*Miller v. Port Angeles*, 38 Wn. App. 904, 908, 691 P.2d 229 (1984) (citing RCW 43.21C.080 as the governing statute), *review denied*, 103 Wn.2d 1024 (1985).

[11]45 Wn. App. 4, 723 P.2d 547 (1986).

90-day period pursuant to RCW 43.21C.080 within which actions under SEPA had to be commenced. The parties did not challenge the 90-day period and the court accepted it as the appropriate appeal period under SEPA. On appeal, this court held the 90-day appeal period was applicable by analogy to appeals from the adoption of the ordinance. Because the appeal was filed within 90 days of the adoption of the ordinance, this court held that the action was timely.[12] The 90-day appeal period in RCW 43.21C.080 applicable in *Bothell* is "(i) for projects to be performed by a governmental agency or to be performed under government contract, or (ii) for thermal power plant projects[.]" RCW 43.21C.080(2)(a). Clearly, the governmental action challenged in this case does not fall within either of these categories. Consequently, the general 30-day appeal period in RCW 43.21C.080(2)(a) would apply in this case. Under the court's reasoning in *Bothell*, then, a 30-day appeal period would be the appropriate period to apply by analogy. Such a 30-day period is consistent with the 30-day period for appeals from preliminary plats and supportive of a general 30-day rule for appeals from land use decisions.

The fact that we rely in part on the 30-day period for SEPA appeals does *not* mean that the SEPA starting date, which is the date of publication of the SEPA notice, would be applicable to this appeal. Such a result would be directly contrary to the specific provisions of RCW 43.21C.075(5) that appeals must be commenced within local time limits, although SEPA issues may be added to a perfected appeal from the local land use decision for a period of 30 days from publication of the SEPA notice. *Waterford Place*. Concerned Women does not suggest any alternative to the 30-day time period adopted by the trial court and, indeed, does not seriously challenge 30 days as an appropriate time limit. Uniformity and clarity as to the time for appeal is in the interest of all participants in governmental land use decisions. We are satisfied that the 30-day limit of RCW 58.17.180 is appropri-

---

[12]*Bothell*, 45 Wn. App. at 11.

ate and should apply by analogy to all such decisions where a different time is not prescribed by local ordinance or state statute.

■ Concerned Women's principal contention is that the 30-day time limit should commence, not with the city council's action of December 2, including the adoption of the rezone ordinance, but from the effective date of the ordinance, December 23, 1991. We disagree. While it is correct that the ordinance takes effect as of December 23, no authority is cited holding that the effective date of the ordinance is the "triggering event" which starts the running of an appeal period for an appeal of the governmental action. The use of the ordinance's effective date has been rejected in *DiGiovanni v. Tukwila*[13] and *Birch Bay Trailer Sales, Inc. v. Whatcom Cy.*[14] However, those cases are not dispositive because there was a specified appeal period also involved.[15] In *Bothell*, although not an issue in the case, the court assumed that the triggering event which started the running of the appeal period was the date of action by the King County Council and not the effective date of the rezone ordinance.[16]

One plain difficulty in this case with the choice of the effective date of the ordinance as the triggering event is that either the issues as to the preliminary plat would not be before the court, an obviously undesirable result, or the court would be disregarding the express provisions of RCW 58.17-.180. A further undesirable consequence would be that there would be no guide in those cases where there was a change to the comprehensive plan or other land use decision that did not require a rezone. The court in *DiGiovanni v. Tukwila*, 54

---

[13]54 Wn. App. 627, 774 P.2d 1244 (1989), *review denied*, 114 Wn.2d 1001 (1990).

[14]65 Wn. App. 739, 829 P.2d 1109, *review denied*, 119 Wn.2d 1023 (1992).

[15]There is a certain irony in Concerned Women's effort to use the effective date of the rezone ordinance as the triggering date since the fact that rezones are sometimes quasi judicial in nature is what originally led some courts to consider a 14-day appeal period under which analogy this appeal would be too late. *See, e.g., Bothell v. King Cy.*, 45 Wn. App. at 11.

[16]*Bothell*, 45 Wn. App. at 11 n.8 ("It was certainly not unreasonable under the facts of this case to file the action 31 days after the ordinance was *adopted*."). (Italics ours.)

Wn. App. 627, 630, 774 P.2d 1244 (1989), *review denied*, 114 Wn.2d 1001 (1990) noted: "[n]ot all council actions take the form of an ordinance, particularly in zoning matters. . . . Application of a different rule when the action is in the form of an ordinance would add unnecessary confusion." Another awkward consequence would be that merely by delaying publication, the City could delay the project, and, as is well known, in development projects time is often of the essence and delay is often fatal.

We agree with the policy goals expressed in *Deschenes v. King Cy.*[17] and *DiGiovanni*: to promote certainty and finality in land use decisions while giving the opponents a *reasonable* time to take their concerns to the courts. It is hard to seriously argue that 30 days is an unreasonably short time, and indeed many ordinances provide a shorter appeal period from land use decisions. The same considerations that support a uniform 30-day period for appeals from land use decisions also support a uniform "triggering event". The council's decision is public and the interested parties are usually present at the meeting at which the decision is made. Thus, the appropriate triggering event for all decisions made at the meeting, including a decision to rezone, is the date of the meeting itself even if subsequent publication of an ordinance may be required.

## II
## Equitable Estoppel

Concerned Women urges that the City is estopped to deny the timeliness of its filing by reason of the effective date of the ordinance and by reason of the notice of governmental action.[18] Having been raised for the first time in a motion for

---

[17]83 Wn.2d 714, 521 P.2d 1181 (1974).

[18]"Time limits established by statute or ordinance relating to the underlying action:

"RCW 58.17.180 — 30 days from decision for review of approval of preliminary plat

"RCW 90.58.180 — 30 days from decision for review of approval of Shoreline Substantial Development Permit

"WAC 197-11-680(4) — 30 days from issuance of this notice for review of SEPA issues".

reconsideration, this court ordinarily will not address the issue.[19] However, to avoid the appearance of being overly technical, we will briefly point out that the contention is without merit.

■ Application of equitable estoppel against a municipal corporation is not favored and in order to establish equitable estoppel, "every particular must be proven by the plaintiff with clear, cogent and convincing evidence." *Chemical Bank v. WPPSS*, 102 Wn.2d 874, 905, 691 P.2d 524 (1984), *cert. denied*, 471 U.S. 1065, 1075 (1985). Equitable estoppel will be applied to a political subdivision "when necessary to prevent a manifest injustice, and the exercise of governmental powers will not thereby be impaired." *Shafer v. State*, 83 Wn.2d 618, 622, 521 P.2d 736 (1974).

> Estoppel has three elements:
> (1) an admission, statement, or act inconsistent with the claim afterwards asserted, (2) action by the other party on the faith of such admission, statement, or act, and (3) injury to such other party resulting from allowing the first party to contradict or repudiate such admission, statement, or act.

*Farnam v. CRISTA Ministries*, 116 Wn.2d 659, 678-79, 807 P.2d 830 (1991) (quoting *Saunders v. Lloyd's of London*, 113 Wn.2d 330, 340, 779 P.2d 249 (1989) (quoting *McDaniels v. Carlson*, 108 Wn.2d 299, 308, 738 P.2d 254 (1987))).

Requirements one and two are not met here. Neither the SEPA notice,[20] nor the effective date of the ordinance purported to give a date for appeal from the governmental action inconsistent with the City's and Northward's position on appeal. Indeed, having been explicitly told in the notice that the appeal from the preliminary plat must be within 30 days from date of approval, there is no basis for reliance on other dates. The reference to "30 days from issuance of this notice" is specifically limited to SEPA issues of which there are none here present. Nor did Concerned Women comply

---

[19]*Wesche v. Martin*, 64 Wn. App. 1, 822 P.2d 812 (1992); *Jet Boats, Inc. v. Puget Sound Nat'l Bank*, 44 Wn. App. 32, 721 P.2d 18, *review denied*, 106 Wn.2d 1017 (1986).

[20]See pages 212-13.

with the 30-day deadline for the Shoreline permit appeal. There is no basis for equitable estoppel against the City even if the theory had been urged at the appropriate time.

## III
## Constitutional Writ of Certiorari

A superior court has the inherent authority to entertain a writ of review pursuant to Const. art. 4, § 6. Exercise of this inherent power is discretionary.[21] "A refusal to grant a constitutional writ is reviewed under an abuse of discretion standard." *Birch Bay Trailer Sales, Inc. v. Whatcom Cy.*, 65 Wn. App. 739, 745 n.6, 829 P.2d 1109, *review denied*, 119 Wn.2d 1023 (1992). The trial court may refuse to exercise its inherent power of review as long as the court gives tenable reasons in support of its discretionary decision.[22] Review by constitutional writ of certiorari "is rarely granted where a petitioner has failed to take advantage of another avenue of review without an adequate excuse." *Bridle Trails Comm'ty Club v. Bellevue*, 45 Wn. App. 248, 254, 724 P.2d 1110 (1986).[23] Concerned Women's failure to use the available statutory writ of certiorari based on a misunderstanding of the applicable law clearly does not compel a trial court to exercise its discretion to grant the writ. If a mere misunderstanding as to applicable time limits was the basis for issuing a constitutional writ, the purposes of finality would be undermined and projects would be in jeopardy for an undetermined period of time even after the applicable time limit has passed.

The court did not abuse its discretion in denying the request for a constitutional writ.

---

[21]*Birch Bay Trailer Sales, Inc. v. Whatcom Cy.*, 65 Wn. App. 739, 745, 829 P.2d 1109, *review denied*, 119 Wn.2d 1023 (1992).

[22]*Bridle Trails Comm'ty Club v. Bellevue*, 45 Wn. App. 248, 252, 724 P.2d 1110 (1986).

[23]*See also Birch Bay*, 65 Wn. App. at 745-46 (exercise of this inherent constitutional authority "will not ordinarily occur if either a statutory writ or a direct appeal is available, unless the appellant can show good cause for not using those methods"); *Odegaard v. Everett Sch. Dist. 2*, 55 Wn. App. 685, 691, 780 P.2d 260 (1989) (quoting *Bridle Trails*).

222

## IV
### Request for Attorney Fees

Northward's claim for attorney fees is without merit. In light of the uncertainty as to the appropriate appeal period for the application for writ of certiorari, it cannot be said that Concerned Women's appeal presented no debatable issues and was therefore frivolous. All doubts as to whether an appeal is frivolous should be resolved in favor of the appellant.[24] While Concerned Women's disregard of the rules with respect to the time for filing its brief and its request for an extension of time are not condoned, they do not justify an award of attorney fees.

Affirmed.

KENNEDY and AGID, JJ., concur.

Reconsideration denied May 7, 1993.

Review denied at 122 Wn.2d 1014 (1993).

---

[24]*McCoy v. Dairyland Ins. Co.*, 60 Wn. App. 882, 886, 808 P.2d 180 (1991).