[No. 26931-3-I.   Division One.   April 13, 1992.]

Coastal Building Corporation, *Appellant*, Lenore M.
Hanauer, *Petitioner*, v. The City of Seattle,
et al, *Respondents*.

*Ross A. Radley* and *Inslee, Best, Doezie & Ryder P.S.,* for appellant.

*Mark H. Sidran, City Attorney,* and *Pamela K. James, Assistant; Jeffrey M. Eustis,* for respondents.

KENNEDY, J. — Appellant Coastal Building Corporation appeals the Superior Court's order dismissing its petition for a writ of certiorari and complaint for declaratory judgment. The court dismissed the petition and complaint because Coastal failed to join an indispensable party and also because Coastal failed to attach or to otherwise timely file an affidavit within 90 days of filing the petition/complaint as required by RCW 7.16.050. We affirm on the basis that Coastal failed to join an indispensable party.

## FACTS

Appellant Coastal Building Corporation (Coastal) is the contract purchaser of a vacant lot, lot 13, located at 5707 S.W. Admiral Way in the West Seattle area. Lenore Hanauer is the fee owner and contract seller of lot 13. The adjoining lot, lot 14, is owned by Roy and Shirley Clothier. Lenore Hanauer conveyed lot 14 to the Clothiers in 1989.

Coastal applied for a permit to develop lot 13. The Seattle Department of Construction and Land Use (DCLU) issued a declaration of nonsignificance. Respondents Bailey and Betty Anderson, Alan Hartwell, Gary and Ann Smith, and Ed and Mayo Ochiltree (respondents Anderson), property owners of

lots to the south and west of lots 13 and 14, requested an interpretation addressing the status of lots 13 and 14 as legal building sites. On December 22, 1989, DCLU rendered its interpretation holding that lots 13 and 14 were two separate legal building sites.

Respondents Anderson appealed this interpretation. On April 11, 1990, a Seattle hearing examiner issued an administrative decision that lot 13 was not a legal building site. The examiner ruled that "[t]he parking space on Lot 13 was legally established as accessory to the residence on Lot 14 by permit and is required parking for that residence." Because lot 14 did not contain an off-street parking space that met code requirements, the examiner found that the parking space on lot 13 was necessary to provide the required parking for lot 14. The examiner therefore ruled that lot 13 was not a legal building site.

On April 25, 1990, Coastal filed a petition for writ of certiorari and complaint for declaratory judgment challenging the examiner's decision that lot 13 was not a legal building site. Within the ensuing 90 days, all of the named defendants were served.[1]

On July 23, 1990, Coastal moved for an order issuing writ of certiorari. Respondents Anderson and the City of Seattle opposed the issuance of the writ, asserting that Coastal failed to perfect its appeal of the action as required by RCW 7.16.050 and that Coastal failed to join an indispensable party, the Clothiers, owners of lot 14. On August 3, 1990, the Superior Court denied Coastal's motion for issuance of the writ of certiorari and dismissed Coastal's complaint.[2] On August 30, 1990, the Superior Court issued an amended order specifying the reasons for the dismissal with prejudice: that Coastal failed to join an indispensable party and that Coastal failed to file an affidavit pursuant to

---

[1]Section 23.76.022(C)(12)(c) of the Seattle Municipal Code requires the petition for writ to be filed within 15 days of the entry of the administrative ruling. The defendants must be served as provided by RCW 4.16.170.

[2]By the time the court ruled on the motions, 100 days had elapsed from the date the petition was filed.

RCW 7.16.050 within 90 days of the filing of the petition/complaint. Coastal appeals the dismissal to this court.

DISCUSSION

The Superior Court dismissed Coastal's petition/complaint for failing to join an indispensable party, the owners of lot 14, the Clothiers.[3] Coastal asserts that the Clothiers are not an indispensable party to this action because they do not have a recorded property interest in lot 13. Coastal points out that in most land use appeals involving a failure to join an indispensable party, the indispensable party had an ownership interest in the land. Coastal argues that, because the Clothiers did not record their permit, the Clothiers failed to indicate that their right to the permit was of any significant concern to them. The Clothiers also had not participated with their neighbors in the dispute with regard to whether lot 13 was a legal building lot.

CR 19(a) sets forth the considerations to determine which parties need to be joined for a just adjudication.[4] Under CR 19(a), a court must determine whether the absent party is

---

[3] In *Lakemoor Comm'ty Club, Inc. v. Swanson*, 24 Wn. App. 10, 600 P.2d 1022, *review denied*, 93 Wn.2d 1001 (1979), the court defined indispensable parties as:
> [those] [p]ersons who not only have an interest in the controversy, but an interest of such a nature that a final decree cannot be made without either affecting that interest, or leaving the controversy in such a condition that its final termination may be wholly inconsistent with equity and good conscience.

*Lakemoor*, at 17 (quoting *Shields v. Barrow*, 58 U.S. (17 How.) 130, 139, 15 L. Ed. 158 (1854)).

[4] CR 19(a) provides:
"(a) **Persons To Be Joined if Feasible.** A person who is subject to service of process and whose joinder will not deprive the court of jurisdiction over the subject matter of the action shall be joined as a party in the action if (1) in his absence complete relief cannot be accorded among those already parties, or (2) he claims an interest relating to the subject of the action and is so situated that the disposition of the action in his absence may (A) as a practical matter impair or impede his ability to protect that interest or (B) leave any of the persons already parties subject to a substantial risk of incurring double, multiple, or otherwise inconsistent obligations by reason of his claimed interest. If he has not been so joined, the court shall order that he be made a party. If he should join as a plaintiff but refuses to do so, he may be made a defendant, or, in a proper case,

"necessary" and, if so, whether it is feasible to join this necessary party. *In re Johns-Manville Corp.*, 99 Wn.2d 193, 197, 660 P.2d 271 (1983). A party is a necessary party if the party's absence from the proceedings would prevent the trial court from affording complete relief to existing parties to the action or if the party's absence would either impair that party's interest or subject any existing party to inconsistent or multiple liability. CR 19(a); *see also Veradale Vly. Citizens' Planning Comm. v. Board of Cy. Comm'rs*, 22 Wn. App. 229, 234-35, 588 P.2d 750 (1978). When a court determines that an absent party is a necessary party under CR 19(a) and cannot be joined, the court must decide whether "in equity and good conscience the action should proceed among the parties before it, or should be dismissed, the absent person being thus regarded as indispensable." CR 19(b).

In the instant case, the Clothiers became a necessary party by virtue of the hearing examiner's finding of fact and conclusion of law that, because of their permit from the City, they had a legal right to park on lot 13. While the Clothiers do not have a recorded interest in the usual sense of indispensable parties, the examiner's ruling made them a necessary party to any effort to overturn the ruling. The examiner's ruling made it clear that the Clothiers have, in his opinion, a substantial legal right that would be affected if the ruling were overturned. Whether the examiner is right or wrong is not the issue; rather the Clothiers, by virtue of that ruling, became a party whose absence impairs or impedes their ability to protect their interest. CR 19(a)(2)(A); *see Veradale Vly.*, 22 Wn. App. at 234-35 (stating that CR 19(a)(2)(A) requires joinder "when a person claims an interest in the subject matter of the action and is so situated that the disposition of the action in his absence may impede his ability to protect that interest."). We hold that the Clothiers are a necessary party.

---

an involuntary plaintiff. If the joined party objects to venue and his joinder would render the venue of the action improper, he shall be dismissed from the action."

■ Although the Clothiers are a necessary party, they could not be joined in this action under CR 15(c).[5] If the requirements of CR 15(c) are met, new parties can be added to a suit. *North St. Ass'n v. Olympia*, 96 Wn.2d 359, 368, 635 P.2d 721 (1981), *disapproved in part on other grounds in Sidis v. Brodie/Dohrmann, Inc.*, 117 Wn.2d 325, 815 P.2d 781 (1991). New parties cannot be added under CR 15(c), however, if the plaintiff's delay is due to inexcusable neglect. *North St. Ass'n*, 96 Wn.2d at 368; *see also Sidis.*[6]

> In both North Street Association and G-3 Properties, the applicants were at all times aware of the necessary parties and yet still failed originally to name them. From the record, no reason for the omission appears. The omission therefore must be characterized as inexcusable neglect and, consequently, CR 15(c) was inapplicable to these cases.

*North St. Ass'n*, 96 Wn.2d at 368-69.

---

[5]CR 15(c) provides:

"**(c) Relation Back of Amendments.** Whenever the claim or defense asserted in the amended pleading arose out of the conduct, transaction, or occurrence set forth or attempted to be set forth in the original pleading, the amendment relates back to the date of the original pleading. An amendment changing the party against whom a claim is asserted relates back if the foregoing provision is satisfied and, within the period provided by law for commencing the action against him, the party to be brought in by amendment (1) has received such notice of the institution of the action that he will not be prejudiced in maintaining his defense on the merits, and (2) knew or should have known that, but for a mistake concerning the identity of the proper party, the action would have been brought against him."

[6]In *Sidis*, the Supreme Court held that, under RCW 4.16.170, service on one named defendant tolls the statute of limitation as to any unserved named defendants. 117 Wn.2d at 329. The court stated that it disapproved of language in *North St. Ass'n* to the extent that the court in *North St. Ass'n* interpreted RCW 4.16.170 to require a petitioner to serve all necessary parties with the application for the writ within 90 days. 117 Wn.2d at 331-32. The court in *Sidis* noted that the issue of unnamed defendants was not before the court. 117 Wn.2d at 331.

The ruling in *Sidis*, however, does not apply in a situation where, as here, because of inexcusable neglect, a petitioner fails to name and serve an indispensable party. Here, although Coastal did name "John and Jane Doe", Coastal had *actual* knowledge of the Clothiers' interest in the issues raised by the application for the writ. To determine otherwise would be to write CR 15(c), with its judicially superimposed inexcusable neglect exception to "relation back", out of the rules of civil procedure.

In the instant case, the Clothiers' interest in the proceeding became apparent when the examiner announced his decision. Not only did the examiner's decision identify the Clothiers' interest, but also coplaintiff Hanauer knew about the Clothiers — she sold lot 14 to them in August 1989. Coastal, however, failed to join them. Instead of offering an excuse for failing to join the Clothiers, Coastal affirmatively contends that the Clothiers are not indispensable parties. We hold that Coastal's failure to join the Clothiers was inexcusable neglect and that CR 15(c) is inapplicable.

When joinder of a necessary party is not possible, a court must determine whether in equity and good conscience the action should proceed without the necessary party or whether the action should be dismissed, the absent party being regarded as indispensable. CR 19(b); *see also Aungst v. Roberts Constr. Co.*, 95 Wn.2d 439, 443, 625 P.2d 167 (1981). In determining whether in equity and good conscience an action should proceed, four factors must be considered:

> (1) to what extent a judgment rendered in the person's absence might be prejudicial to him or to those already parties; (2) the extent to which, by protective provisions in the judgment, by the shaping of relief, or other measures, the prejudice can be lessened or avoided; (3) whether a judgment rendered in the person's absence will be adequate; (4) whether the plaintiff will have an adequate remedy if the action is dismissed for nonjoinder.

CR 19(b).

Applying the *Aungst* test to this case, we first note that a judgment on the merits in favor of Coastal would be prejudicial to the Clothiers; such would render the Clothiers' lot nonconforming. Second, the prejudice could not be lessened or avoided by the shaping of relief because the relief Coastal seeks would either be granted and the Clothiers' lot would be rendered nonconforming or Coastal's petition/complaint would not be granted. Third, a judgment rendered in the Clothiers' absence would not be adequate because their rights would be affected without their participation in the action. Alternatively, a judgment in favor of Coastal in the absence of the Clothiers would not be binding on the absent

party and Coastal could become liable to the Clothiers for the loss of the effective use of their permit. Finally, although Coastal is precluded from refiling its petition/complaint, Coastal may still have a remedy if it can negotiate a parking arrangement with the Clothiers consistent with site requirements.

Upon consideration of these factors, we hold that in equity and good conscience the action should not proceed without the Clothiers and that the trial court properly found the Clothiers to be an indispensable party. Dismissal is required when indispensable parties who are subject to process have not been joined.[7] *See Cathcart-Maltby-Clearview Comm'ty Coun. v. Snohomish Cy.*, 96 Wn.2d 201, 207, 634 P.2d 853 (1981); *see also Lakemoor Comm'ty Club, Inc. v. Swanson*, 24 Wn. App. 10, 17-18, 600 P.2d 1022, *review denied*, 93 Wn.2d 1001 (1979). We hold that the trial court

---

[7]*Cf. Orion Corp. v. State*, 109 Wn.2d 621, 635-36, 747 P.2d 1062 (1987), *cert. denied*, 486 U.S. 1022 (1988). Orion brought an action in state court against the State of Washington and Skagit County alleging an inverse condemnation by excessive regulation. The County sought dismissal of Orion's claim for failing to join an indispensable party — the federal government. The Supreme Court recognized that Orion could not join the federal government to an action in state court. Likewise, the court recognized that Orion could not join the State and the County to an action filed in federal court. *Orion*, 109 Wn.2d at 635. Therefore, the court held that "[t]o avoid depriving Orion of any forum for its action, equity and good conscience require us to allow Orion's action to continue without federal participation. CR 19(b)." *Orion*, 109 Wn.2d at 635-36.

The equities in this case are different. Here, the trial court did not err in dismissing Coastal's petition/complaint when the court would have had jurisdiction over the Clothiers had they been timely served; Coastal just failed to serve them.

In addition, in its complaint for declaratory judgment, Coastal sought an order that a building permit be issued. The very jurisdiction to do this without the Clothiers would be lacking. *See Williams v. Poulsbo Rural Tel. Ass'n*, 87 Wn.2d 636, 555 P.2d 1173 (1976). In *Williams*, the court explained that the failure to include an essential party in an action for declaratory judgment relates directly to the jurisdiction of the trial court. *Williams*, 87 Wn.2d at 643. The court held that under the Uniform Declaratory Judgments Act, RCW 7.24.110, "[w]here parties whose rights would be affected and whose interests would be prejudiced are not joined, a declaratory judgment cannot be entered and the case must be either dismissed or remanded." *Williams*, 87 Wn.2d at 643.

Here, because the Clothiers cannot be joined, the action must be dismissed.

properly dismissed Coastal's petition/complaint for failing to join an indispensable party.[8]

We affirm the Superior Court's decision dismissing Coastal's petition/complaint.

SCHOLFIELD and AGID, JJ., concur.

Review denied at 119 Wn.2d 1024 (1992).

---

[8]Coastal also appeals the trial court's second reason for dismissing its petition/complaint — that Coastal failed to file an affidavit pursuant to RCW 7.16.050 within 90 days of the filing of the petition/complaint. RCW 7.16.050 states that an application for a writ of certiorari:

> must be made on affidavit by the party beneficially interested, and the court may require a notice of the application to be given to the adverse party, or may grant an order to show cause why it should not be allowed, or may grant the writ without notice.

It has been strenuously argued by Coastal that the CR 11 requirement that all pleadings be signed and certified by an attorney satisfies the affidavit requirement contained in RCW 7.16.050. Coastal argues that it satisfied the statutory affidavit requirement when Coastal's attorney signed the petition/complaint pursuant to CR 11. Coastal's pleadings do contain all of the same information which would ordinarily be included in an affidavit under RCW 7.16.050. Coastal contends that the September 1, 1985, amendments to CR 11 impose a more exacting standard on an attorney or party signing specified papers. The amended rule requires reasonable prefiling inquiry into the law and facts to satisfy the requirements of the certification. This prefiling inquiry, argues Coastal, is equivalent to and satisfies the affidavit requirement of RCW 7.16.050. Because our holding on the indispensable party issue disposes of this appeal, we need not decide this issue.