919 P.2d 615 (1996)
82 Wash.App. 640
NATIONAL HOMEOWNERS ASSOCIATION, a Washington non-profit corporation, Appellant,
v.
CITY OF SEATTLE, a Washington municipal corporation; and R.F. Krochalis, of the City of Seattle Department of Construction and Land Use, Respondents.
No. 36933-4-I.
Court of Appeals of Washington, Division 1.
May 13, 1996.
Publication Ordered June 17, 1996.
*616 Carol S. Vaughn, David B. Girard, Seattle, for Appellant.
Robert David Tobin, Seattle City Attorney's Office, Seattle Law Dept., Seattle, for Respondents.
PER CURIAM.
National Homeowners Association (NHA) appeals the superior court's order denying its motion to amend and dismissing its petition for a writ of certiorari. We accelerate review under RAP 18.12 and affirm the trial court. NHA's failure to seek joinder of Eagle was fatal and justifies dismissal of the action with prejudice.

I
The Marie Guimont Trust and the William Guimont Revocable Living Trust (Trust) own property in north Seattle near Aurora Avenue that is currently used as a mobile home park. Approximately 120 mobile homes are located at the park. NHA includes some of the mobile home owners.
In August 1994, the Trust entered into a purchase and sale agreement with Eagle Hardware and Garden, Inc. for purchase of the mobile home park. Eagle intends to develop the park for the site of its North Seattle store. As a result, the mobile home park will be closed.
Under the Seattle Municipal Code, an owner of a mobile home park must prepare a relocation plan and report when it intends to close a park. The relocation plan must be approved by the City's Department of Construction and Land Use (DCLU) before the park owner may serve eviction notices on the park residents.
Here, Eagle prepared the relocation plan. Also, Eagle worked with the residents interested in assistance and, as of May 1995, had relocated 26 tenants. As of that same time, Eagle had devoted time and money in obtaining feasibility, design, and engineering services in connection with the project. Eagle had also completed the first phase of design review, which included preparation of an environmental impact statement and securing building and Master Use Permits.
On March 29, 1995, DCLU approved the relocation plan.
*617 On March 30, 1995, the mobile home residents received 12-month eviction notices.
NHA maintains that the relocation plan submitted and approved fails to satisfy the requirements of the SMC. Thus, on April 10, 1995, NHA filed a petition for writ of review naming the City of Seattle and DCLU as defendants.
The City objected to issuance of the writ, in part, because NHA failed to join indispensable parties. The City named both the Trust and Eagle as absent, necessary parties. The City further argued that the statutory writ of review could not be used to review the decisions at issue.
NHA responded by filing a motion to amend its petition to add additional causes of action (constitutional writ of review and complaint for declaratory judgment) and to add the Trust as a party. NHA failed, however, to seek joinder of Eagle.
The City moved to dismiss the petition. The City argued the petition was subject to the 15-day appeal period prescribed by the SMC. Because NHA's motion to amend was filed 28 days after DCLU's decision, the City argued that NHA's failure to join the indispensable parties and causes of action within this 15-day period warranted dismissal.
NHA's motion to amend was heard on May 5, 1995. The judge denied the motion to amend and dismissed the action with prejudice. The order states:
Plaintiff's motion to amend the petition for a writ of review must be denied. The plaintiff failed to timely join indispensable parties who were known to the plaintiff and who were of record. The motion to add a facial constitutional challenge to the Mobile Home Ordinance is also untimely.

II
NHA raises numerous challenges to the court's order of dismissal. We do not reach these issues, however, because NHA never sought joinder of Eagle. The failure to do so was fatal and justifies dismissal of the action with prejudice.
Under CR 19(a), a trial court must determine which parties are "necessary" for a just adjudication. A party is necessary if the party's absence "would prevent the trial court from affording complete relief to existing parties to the action or if the party's absence would either impair that party's interest or subject any existing party to inconsistent or multiple liability." Coastal Bldg. Corp. v. City of Seattle, 65 Wash.App. 1, 5, 828 P.2d 7, review denied, 119 Wash.2d 1024, 838 P.2d 690 (1992). If a necessary party is absent, the court must determine whether joinder is feasible. CR 19(a). If a necessary party cannot be joined, the court must decide whether "in equity and good conscience the action should proceed among the parties before it, or should be dismissed, the absent person being thus regarded as indispensable." CR 19(b).
Eagle was a necessary party. As the purchaser of the property and the project developer, Eagle had invested considerable time and money in designing, planning, and obtaining permits for the project. Thus, Eagle's absence would impair its ability to protect its interest. See South Hollywood Hills Citizens Ass'n v. King County, 101 Wash.2d 68, 79, 677 P.2d 114 (1984)(project developer treated as indispensable party); Cathcart-Maltby-Clearview Community Council v. Snohomish County, 96 Wash.2d 201, 634 P.2d 853 (1981)(owners and developers treated as necessary parties); Andrus v. Snohomish County, 8 Wash.App. 502, 507 P.2d 898 (1973)(recipient of conditional use permit was indispensable party).
NHA does not seriously dispute that Eagle was a necessary party. Instead, it argues that a superior court's inherent power to grant a constitutional writ of review is not subject to a fixed "statute of limitation." Thus, NHA maintains that joinder of Eagle remained feasible no matter how much time had passed since the DCLU issued its decision. We disagree.
We recognize the distinction between statutory writs of certiorari and constitutional writs of review.[1] However, this *618 distinction does not necessarily impose longer time periods for filing lawsuits when seeking to invoke the court's inherent authority. To the contrary, judicial review of land use matters must be prompt because
[t]he consistent policy in this state is to review decisions affecting use of land expeditiously so that legal uncertainties can be promptly resolved and land development not unnecessarily slowed or defeated by litigation-based delays.
City of Federal Way v. King County, 62 Wash.App. 530, 538, 815 P.2d 790 (1991); accord, Summit-Waller Citizens Ass'n v. Pierce County, 77 Wash.App. 384, 394, 895 P.2d 405, review denied, 127 Wash.2d 1018, 904 P.2d 299 (1995). Not only are the time limits short, but 30 days is typical. Summit-Waller, 77 Wash.App. at 392, 895 P.2d 405. This court has suggested that "a general 30-day rule for appeals from land use decisions" would be appropriate. Concerned Organized Women & People Opposed to Offensive Proposals, Inc. v. City of Arlington, 69 Wash.App. 209, 217, 847 P.2d 963, review denied, 122 Wash.2d 1014, 863 P.2d 73 (1993).
Nonetheless, NHA relies on Pierce v. King County, 62 Wash.2d 324, 382 P.2d 628 (1963), for the proposition that time limits do not apply to constitutional writs of review. However, Pierce must be read in context. See Summit-Waller, 77 Wash.App. at 392, 895 P.2d 405. There, the aggrieved property owners neither had actual knowledge of the challenged zoning action at the time of the action, nor would they normally be expected to learn of the action. In those circumstances, the Court held that the time for filing began either with actual knowledge or occurrence of events from which notice could be imputed.
Here by contrast, NHA plainly knew of Eagle's role, evidenced by the parties' involvement in another lawsuit regarding the purchase and sale agreement. Also, from the outset, the City argued that Eagle was a necessary party that should be joined. NHA's failure to join Eagle constitutes inexcusable neglect. Federal Way v. King County, 62 Wash.App. 530, 540, 815 P.2d 790 (1991) (it is inexcusable neglect to fail to join property owners if their identity is a matter of public record at the time the action is commenced; dismissal for failure to join affirmed); accord, Coastal Building, 65 Wash. App. at 8, 828 P.2d 7 (dismissal is required where indispensable party who was subject to process was not joined due to inexcusable neglect). Under these circumstances, NHA cannot avail itself of the rule applied in Pierce.
At the time the court dismissed the action, 37 days had passed since DCLU issued its decision. Thus, regardless of whether the 15-day period urged by the City applied, the more typical 30-day time limit had lapsed. In the absence of any argument from NHA, we refuse to find that a period beyond the typical 30-day limit applied to this action. Thus, at the time the court dismissed the action, joinder of Eagle no longer remained feasible. Because the limitation period had lapsed, we reject NHA's argument that the dismissal for failure to join Eagle should have been without prejudice. See Orwick v. Fox, 65 Wash.App. 71, 82 n. 6, 828 P.2d 12, review denied, 120 Wash.2d 1014, 844 P.2d 435 (1992). Instead, the court properly dismissed the action with prejudice. See Coastal Building, 65 Wash.App. at 8, 828 P.2d 7 (affirming dismissal with prejudice based on inexcusable failure to join an indispensable party).
We affirm the superior court's decision denying NHA's motion to amend and dismissing the action with prejudice.
NOTES
[1] RCW 7.16 governs statutory writs of certiorari (or writs of review). By contrast, the superior court's inherent authority to review arbitrary and capricious legislative action arises from art. 4, § 6 of the Washington State Constitution.