967 P.2d 1270 (1998)
CLARK COUNTY PUBLIC UTILITY DISTRICT NO. 1, d/b/a Clark Public Utilities, Respondent,
v.
Jane R. WILKINSON, Labor Arbitrator, Defendant,
International Brotherhood of Electrical Workers, Local 125, Appellant.
No. 22499-2-II.
Court of Appeals of Washington, Division 2.
December 4, 1998.
*1271 Jeffrey Bennett Youmans, Henry E. Farber, Davis Wright Tremaine, Seattle, for Respondent.
Richard Howard Robblee, Hafer, Price, Rinehart & Robblee, Seattle, for Appellant.
HOUGHTON, C.J.
The International Brotherhood of Electrical Workers, Local 125 (IBEW) appeals a superior court reversal of an arbitration decision requiring Clark County Public Utility District No. 1(PUD) to place two laid-off union employees in non "bargaining unit" positions. We hold that the PUD's superior court appeal was untimely filed and, therefore, reverse the superior court and remand for reinstatement of the arbitrator's award.

FACTS
The IBEW is a labor organization that represents certain employees of the PUD. The PUD is a municipal corporation that provides public utilities to the residents of Clark County. The PUD and IBEW are parties to a collective bargaining agreement (CBA) that governs the terms and conditions of employment of the represented employees.
On March 21, 1996, the PUD laid off ten employees subject to the CBA. Under the CBA, IBEW submitted a grievance on behalf of the laid-off employees. The parties were unable to resolve the grievance according to the dispute resolution provisions of the CBA and submitted the grievance to arbitration.
An arbitrator held a hearing on September 18, 1996, and on December 11, 1996, and issued an opinion and award. The arbitrator determined that the PUD had failed to satisfy its obligations to use "every effort" to place the three grievants in other vacant positions. Accordingly, the arbitrator ordered the PUD to place these three grievants in the non-CBA positions and to pay them back pay from the dates they should have been offered these positions.
On January 20, 1997, the PUD moved for reconsideration of the arbitrator's remedy on the ground that one of the three grievants was unqualified for the position she had been awarded. On February 28, 1997, the arbitrator agreed with the PUD and granted its motion for reconsideration. The arbitrator's amended award directs the PUD to place two grievants in non-CBA positions.
On March 27, 1997, IBEW wrote to the PUD, demanding that it comply with the arbitrator's award. The PUD neither responded to IBEW's letter nor acted in compliance with the arbitrator's award.
On June 11, 1997, the PUD filed a Verified Petition for Constitutional Writ of Certiorari and for Review of the Arbitrator's Decision in Clark County Superior Court. The PUD asked the trial court to review and vacate the arbitrator's decision on grounds that it was arbitrary and capricious and exceeded the arbitrator's authority. IBEW answered and counterclaimed for enforcement of the arbitrator's award. IBEW also sought double *1272 damages, attorney fees, and costs, under RCW 49.52.070 and RCW 49.48.030.
The trial court accepted review. At oral argument, the PUD claimed that the arbitrator exceeded her authority under the CBA. IBEW argued, inter alia, that the PUD's petition to vacate the award was untimely.
The trial court ruled in favor of the PUD and rejected IBEW's arguments regarding timeliness, waiver, and fees. IBEW appeals.

ANALYSIS
There is no statutory mechanism for judicial review of public employment labor arbitrations. Although RCW 41.56.122(2) provides for binding arbitration in public employee labor disputes, it does not provide for judicial review of arbitration decisions. RCW 41.56.125 provides that RCW 49.08, which governs arbitration of general labor disputes, shall not apply to public employment arbitrations. Also, RCW 7.04.010, Washington's general arbitration statute, requires that parties to a collective bargaining agreement specifically provide that the procedures of the act shall be applicable and available to them. RCW 7.04.010; Greyhound Corp. v. Division 1384 of the Amalgamated Assoc. of St., Elec. Ry. And Motor Coach Employees, 44 Wash.2d 808, 812-13, 271 P.2d 689 (1954).
Where such a "statutory and contractual hiatus" exists, judicial review is nevertheless available by petitioning the superior court for a constitutional writ of certiorari. Grays Harbor County v. Williamson, 96 Wash.2d 147, 150-53, 634 P.2d 296 (1981); Department of Agric. v. State Personnel Bd., 65 Wash.App. 508, 513-15, 828 P.2d 1145, review denied, 120 Wash.2d 1003, 838 P.2d 1143 (1992); Department of Soc. and Health Servs. v. State Personnel Bd., 61 Wash.App. 778, 783, 812 P.2d 500 (1991). Under Article IV, Section 6 of the Washington State Constitution, the superior courts possess the inherent power to review arbitration decisions by issuing such a writ. Department of Agric., 65 Wash.App. at 513, 828 P.2d 1145.
In the present case, the CBA between IBEW and the PUD provided for arbitration of grievances, but provided no procedures for seeking review of arbitration decisions. Thus, the only appropriate method for the PUD to seek review of the arbitration decision was by petitioning the superior court for a writ of certiorari.
Petitions for a writ of certiorari must be filed with the superior court within a "reasonable time." Akada v. Park 12-01 Corp., 103 Wash.2d 717, 718, 695 P.2d 994 (1985); City of Federal Way v. King County, 62 Wash.App. 530, 536, 815 P.2d 790 (1991); cf. Hough v. State Personnel Bd., 28 Wash.App. 884, 888, 626 P.2d 1017 (1981). The PUD asserts that a reasonable time means no specified period and is regulated exclusively by the doctrine of laches.[1] Relying upon Hough, the PUD argues that because this court refused to apply a 30-day specified statutory time limit for seeking a constitutional writ of certiorari, as opposed to a statutory writ of certiorari, no specified time period should apply to constitutional writs. Hough, 28 Wash.App. at 884 n. 6, 626 P.2d 1017.
The PUD's assertion misinterprets the holding in Hough and it is inconsistent with later case law. In Hough, we held that the 30-day time limit following administrative action is inapplicable to petitions for a constitutional writ because statutory time limits do not apply to constitutional writs. Hough, 28 Wash.App. at 887-88, 626 P.2d 1017. The court noted that although its holding may lead to an anomalous result, *1273 "[t]his result is mitigated by the fact that an employee seeking a [constitutional] writ of certiorari has a difficult hurdle to overcome in invoking jurisdiction at all. Further, any unreasonable delay in seeking the [constitutional] writ may be barred by laches." Hough, 28 Wash.App. at 888 n. 6, 626 P.2d 1017 (citation omitted).
Contrary to the PUD's assertion, the Hough court did not hold that the period for obtaining a constitutional writ is limitless, or that a party will be barred from obtaining a constitutional writ only if delay is unreasonable. The court merely explained that the differing results are not inequitable. Having determined that the trial court lacked jurisdiction, however, the Hough court did not reach the issue of what constitutes a reasonable time. Hough, 28 Wash.App. at 888, 626 P.2d 1017.
Later case law discloses that the distinction between statutory writs[2] and constitutional writs "does not necessarily impose longer time periods for filing lawsuits when seeking to invoke the court's inherent authority." National Homeowners Ass'n v. City of Seattle, 82 Wash.App. 640, 644, 919 P.2d 615 (1996); see also Concerned Organized Women and People Opposed to Offensive Proposals, Inc. v. City of Arlington, 69 Wash.App. 209, 221, 847 P.2d 963, review denied, 122 Wash.2d 1014, 863 P.2d 73 (1993).
The PUD attempts to distinguish National Homeowners Ass'n by arguing that the holding applies only to land use cases. Although National Homeowners Ass'n is a land use case, the holding clearly applies to all lawsuits where a party seeks a constitutional writ of certiorari. See National Homeowners Ass'n, 82 Wash.App. at 644, 919 P.2d 615. Furthermore, the court rejected the same argument in National Homeowners Ass'n that the PUD attempts to make here. See National Homeowners Ass'n, 82 Wash. App. at 644, 919 P.2d 615 (rejecting the argument that no time limit should apply because court's inherent power to grant constitutional writ of certiorari is not subject to fixed "statute of limitation").[3]
Moreover, the Supreme Court has clarified "reasonable time" to file a writ of certiorari as "determined by analogy to the time allowed for appeal of a similar decision as prescribed by statute, rule of court, or other provision."[4]City of Federal Way, 62 Wash.App. at 536-37, 815 P.2d 790 (citing Akada, 103 Wash.2d at 718-19, 695 P.2d 994). When more than one appeal period applies, the longer period controls. Akada, 103 Wash.2d at 719, 695 P.2d 994.
Accordingly, the superior court should have applied by analogy the 90-day period for vacating an arbitration award. See RCW 7.04.180. Some shorter limitation periods are analogous. See RAP 5.2(a) (30 days); MAR 7.1 (20 days). The 90-day limitation period, however, is consistent with the rule that when more than one appeal period applies, the longer period controls. Akada, 103 Wash.2d at 719, 695 P.2d 994.
Because the PUD did not commence its action within the analogous 90-day period,[5] *1274 the trial court erred in not dismissing the PUD's action as untimely.[6] Having held that the PUD petition was untimely filed, we do not address the remainder of IBEW's arguments.
Reversed and remanded.
SEINFELD, J. and HUNT, J., concur.
NOTES
[1] During oral argument, the following exchange took place between the PUD and the superior court:

The Court: So what you're telling me is ... you can wait a year to do it; as long as there's no prejudice and no laches if you will, this matter could be brought up on a writ of certiorari two years from now?
[Plaintiff's Counsel]: It's a balancing of the reasonable period and the prejudice, which is the laches formula for that. And that there's no specific time period....
. . . .
The Court: ... The only thing that strikes me is that we do have to have some finality, and this seven-month period of time seems to me to be stretching it. I mean, our system has to march to a faster drummer than that, doesn't it?
[2] RCW 7.16 governs statutory writs of certiorari (or writs of review). See National Homeowners Ass'n v. City of Seattle, 82 Wash.App. 640, 644 n. 1, 919 P.2d 615 (1996).
[3] The PUD also argues that Concerned Women supports its proposition that other Division I cases have refused to set statutory limits for common law writs. Concerned Women, however, actually supports the principle that there is no distinction between constitutional and statutory filing deadlines. Concerned Women, 69 Wash. App. at 221, 847 P.2d 963. Rejecting the notion that a party filing a late statutory writ should be allowed to file an equally late common law writ, the court stated: "If a mere misunderstanding as to applicable time limits was the basis for issuing a constitutional writ, the purposes of finality would be undermined...." Concerned Women, 69 Wash.App. at 221, 847 P.2d 963.
[4] During oral argument, PUD contended that Washington Pub. Employees Ass'n v. Washington Personnel Resources Bd., 91 Wash.App. 640, 959 P.2d 143 (1998), determined that a personnel board performing as an arbitrator was not performing a judicial function. PUD thus asserted that the limitations period for a statutory writ should not be the same as the limitations period for a constitutional writ. Contrary to PUD's assertion, Washington Pub. Employees Ass'n does not support PUD's proposition. Washington Pub. Employees Ass'n, 91 Wash.App. at 648-49, 959 P.2d 143.
[5] For purposes of this analysis, we assume the filing period began to run on the date of the arbitrator's ruling on reconsideration. Greenlaw v. Smith, 67 Wash.App. 755, 759, 840 P.2d 223 (1992), rev'd on other grounds, 123 Wash.2d 593, 869 P.2d 1024, cert. denied, 513 U.S. 935, 115 S.Ct. 333, 130 L.Ed.2d 291 (1994); see RAP 5.2; CR 59.
[6] IBEW also argues that under Federal law, the timeliness of an action to vacate a labor arbitration award is determined by reference to the appropriate state statute of limitations. As we reach the same result under Washington law, we do not address IBEW's alternative argument.