# IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON

McCAULEY FALLS, LLC, a
Washington limited liability company;
ABACULO, LLC, a Washington
limited liability company,

    Respondents,

  v.

KING COUNTY, a political
subdivision of the State of
Washington,

    Respondent,

STEVEN NICHOLS and LINDA
NICHOLS, husband and wife,

    Appellants.

No. 71534-8-I

DIVISION ONE

UNPUBLISHED OPINION

FILED: April 20, 2015

2015 APR 20 AM 9: 13

COURT OF APPEALS DIV I
STATE OF WASHINGTON
FILED

LEACH, J. — Steven and Linda Nichols appeal the denial of their CR 60(b) motion to vacate an order quieting title in two neighboring property owners as against King County (County) and their CR 19 motion for permissive joinder. Because the Nicholses fail to identify any error, we affirm.

## FACTS

In August 2010, McCauley Falls LLC and Abaculo LLC filed a complaint for declaratory relief and quiet title against King County. They alleged that King County acquired a right-of-way known as County Road 978 by a decree of condemnation in 1914. Also known as the John McGee Road, it runs through

property owned by McCauley Falls and Abaculo. Because King County did not open a portion of the right-of-way within five years of the condemnation decree, McCauley Falls and Abaculo asserted that its authority to do so had lapsed as a matter of law and sought an order quieting title to the portions of the right-of-way that the County had not opened.

In March 2012, a superior court commissioner entered stipulated findings of fact that (1) as early as 1890, the County carried out intermittent limited maintenance of a road over the properties now owned by McCauley Falls and Abaculo; (2) in the 1914 condemnation, the County intended to include the established road within the right-of-way; (3) modern survey work revealed that the established road and the right-of-way do not coincide over a majority of their length; (4) McCauley Falls and Abaculo sought to clear title to that portion of the right-of-way that does not coincide with the established road; and (5) no Department of Transportation records indicate that the County opened the portion of the right-of-way that does not coincide with the established road for public use between 1914 and 1919. The court concluded that the County's authority to open the identified and unopened portion of the right-of-way "was vacated by operation of law."[1] The court entered a stipulation and decree quieting title to the unopened portion of the right-of-way in McCauley Falls and

---

[1] See LAWS OF 1889-90, ch. 19, § 32; Miller v. King County, 59 Wn.2d 601, 604, 369 P.2d 304 (1962) ("Laws of 1889-90, chapter 19, § 32, required county officials, when authorized to open a road on designated property, to do so within five years or their right to build a road thereon would be barred by the lapse of time."); see also RCW 36.87.090.

Abaculo, "as against King County." The order also provides, "While this action confirms the absence of any and all interests of King County in the subject property, it does not affect any private interest or easements."

One year later, in March 2013, Steven and Linda Nichols, neighboring property owners who use County Road 978 to access their property, filed a motion under CR 60(b) to vacate the judgment and for permissive joinder under CR 19(a). The court denied the motion, concluding that the Nicholses did not have a right to intervene because the quiet title action did not affect their right to use the road. They filed two successive motions for reconsideration. The court denied reconsideration. The Nicholses appeal.

## ANALYSIS

CR 60(b) provides that a "court may relieve a party . . . from a final judgment, order, or proceeding" under specified circumstances. The rule exists to prevent injustices based on "reasons extraneous to the action of the court or for matters affecting the regularity of the proceedings."[2]

Generally, we will not reverse the superior court's denial of a motion to vacate under CR 60(b) unless the court manifestly abused its discretion.[3] A trial court abuses its discretion when its decision is manifestly unreasonable or based on untenable grounds.[4] CR 60(b)(5) addresses the vacation of a void judgment. Because courts "have a mandatory, nondiscretionary duty to vacate void

---

[2] State v. Keller, 32 Wn. App. 135, 140, 647 P.2d 35 (1982).
[3] Haley v. Highland, 142 Wn.2d 135, 156, 12 P.3d 119 (2000).
[4] Mayer v. Sto Indus., Inc., 156 Wn.2d 677, 684, 132 P.3d 115 (2006).

judgments," we review de novo the trial court's decision to grant or deny a CR 60(b) motion to vacate a void judgment.[5]

Unlike an appeal, a CR 60(b) motion does not provide a means of correcting errors of law.[6] "[L]egal matters which should have been raised and considered at the initial hearing . . . are beyond the scope of CR 60(b)."[7] Thus, contrary to the Nicholses' apparent belief, their appeal of the order denying the motion to vacate does not allow them to raise legal issues about the order they seek to vacate.[8]

The Nicholses do not address CR 60 in this appeal or explain how the alleged errors relate to any specific provisions of the rule. They mention both the de novo and the abuse of discretion standards of review but fail to apply either standard to the trial court's ruling on their CR 60 motion.

In the motion to vacate filed below, the Nicholses cited CR 60(b)(1), (3), (4), (5), (6), and (11). They claimed that the parties' failure to follow statutory procedures for vacating a road or to join them in the lawsuit constituted an irregularity, demonstrated misconduct, and rendered the judgment void. They claimed that newly discovered evidence and a previous judgment in a different proceeding demonstrated that the County established and maintained the road as a public right-of-way. But these claims are based on a misapprehension

---

[5] Dobbins v. Mendoza, 88 Wn. App. 862, 871, 947 P.2d 1229 (1997).
[6] Burlingame v. Consol. Mines & Smelting Co., 106 Wn.2d 328, 336, 722 P.2d 67 (1986).
[7] Keller, 32 Wn. App. at 141.
[8] See Bjurstrom v. Campbell, 27 Wn. App. 449, 450-51, 618 P.2d 533 (1980).

about the challenged decree. The order does not purport to vacate any road or to limit the right of any party to use the current existing road running across land owned by McCauley Falls or Abaculo. Thus, the procedures for vacating roads and evidence of County maintenance of the existing road any time after 1919 are completely irrelevant to the relief sought by McCauley Falls and Abaculo in their quiet title action. The parties merely sought a determination of the County's authority to open for public use portions of their property which had never been part of the existing road but fell within the legal description for the right-of-way acquired in the 1914 condemnation.

The court did not abuse its discretion in determining that the Nicholses did not identify an irregularity under CR 60(b)(1), newly discovered evidence under CR 60(b)(3), fraud under CR 60(b)(4), inequity under CR 60(b)(6), or extraordinary circumstances under CR 60(b)(11).[9] The court also did not abuse its discretion in denying the motion to the extent it was based on CR 60(b)(5) because the Nicholses did not argue that the court lacked jurisdiction.[10]

In essence, the Nicholses claim that the entry of the judgment and decree is premised on various legal errors. This claim does not fall within the scope of appellate review of an order denying a motion to vacate. The "exclusive procedure to attack an allegedly defective judgment is by appeal from the

---

[9] See In re Marriage of Yearout, 41 Wn. App. 897, 902, 707 P.2d 1367 (1985) (relief under CR 60(b)(11) is limited to extraordinary circumstances not covered by any other section of the rule).

[10] See Marley v. Dep't of Labor & Indus., 125 Wn.2d 533, 541, 886 P.2d 189 (1994) ("a court enters a void order only when it lacks personal jurisdiction or subject matter jurisdiction over the claim").

judgment, not by appeal from a denial of a CR 60(b) motion."[11] The Nicholses have not identified any grounds under CR 60(b) that warrant relief or established that the trial court abused its discretion in denying the motion to vacate.

The Nicholses' challenge to the trial court's ruling on their CR 19 motion fails for the same reasons. We review a trial court's decision under CR 19 for an abuse of discretion, but we review any legal conclusion underlying a CR 19 determination de novo.[12] CR 19 requires joinder of persons necessary or indispensible to a just adjudication of the action.[13] "A party is a necessary party if the party's absence from the proceedings would prevent the trial court from affording complete relief to existing parties to the action or if the party's absence would either impair that party's interest or subject any existing party to inconsistent or multiple liability."[14]

---

[11] Bjurstrom, 27 Wn. App. at 451.
[12] Gildon v. Simon Prop. Grp., Inc., 158 Wn.2d 483, 493, 145 P.3d 1196 (2006).
[13] CR 19(a) provides:
A person who is subject to service of process and whose joinder will not deprive the court of jurisdiction over the subject matter of the action shall be joined as a party in the action if (1) in his absence complete relief cannot be accorded among those already parties, or (2) he claims an interest relating to the subject of the action and is so situated that the disposition of the action in his absence may (A) as a practical matter impair or impede his ability to protect that interest or (B) leave any of the persons already parties subject to a substantial risk of incurring double, multiple, or otherwise inconsistent obligations by reason of his claimed interest.
[14] Coastal Bldg. Corp. v. City of Seattle, 65 Wn. App. 1, 5, 828 P.2d 7 (1992).

But persons are not necessary parties even if they are involved in the subject matter of litigation if no recovery is sought against them and judgment would not prejudice their interests.[15] As explained above, the trial court's judgment in this case had no effect on the right of the Nicholses or anyone else to use County Road 978. The trial court, therefore, did not err by rejecting the claim that the Nicholses are indispensible parties.[16]

The Nicholses request an award of attorney fees and costs under RCW 7.28.083, which provides such awards in actions involving adverse possession. Because they have not prevailed on any claim and cannot demonstrate entitlement to such an award under RCW 7.28.083, we deny their request.

Affirmed.

_Leach, J._

WE CONCUR:

_Trickey, J_

_Dwyer, J._

---

[15] See In re Meretricious Relationship of Long, 158 Wn. App. 919, 930, 244 P.3d 26 (2010).

[16] See Serres v. Dep't of Ret. Sys., 163 Wn. App. 569, 588, 261 P.3d 173 (2011).